## THE MERCHANTS' DESPATCH COMPANY

### *v.*

## MARCUS H. TOPPING *et al.*

LIMITATION—*when the statute begins to run.* The Statute of Limitations does not begin to run in favor of a common carrier from the delivery of goods to be carried, but from the time when a cause of action accrues to the owner. So, although goods were shipped more than five years before suit brought by the owner to recover for their loss by fire, but were destroyed within five years before suit, it was *held*, that the cause of action was not barred.

APPEAL from the Circuit Court of Madison county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. J. H. YAGER, for the appellant.

Mr. LEVI DAVIS, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action, commenced before a justice of the peace of Madison county, by Topping Bros., partners under that name and style, plaintiffs, and against the Merchants' Despatch

Company, defendant, to recover the value of certain goods delivered to defendant to be carried, one package from New Haven, Connecticut, and one other from Newark, New Jersey, to the plaintiffs, at Alton, in this State. There was a judgment for the plaintiffs, and on appeal to the circuit court, where the cause was tried by the court, without a jury, there were a finding and judgment for the plaintiffs. To reverse this judgment the defendant appeals.

The proof is conclusive that the goods were delivered to appellant, a common carrier, in the latter part of the month of September, 1871. This suit was commenced on October 7, 1876, and it is contended by appellant, and it is the only point it makes, the action was barred by the Statute of Limitations. The goods were carried by way of Chicago, and it is claimed they were destroyed by the memorable fire of October 8 and 9, 1871. Appellant claims that as the liability of appellant attached on the delivery of the goods to it, the statute began to run from that date, and as five years had elapsed from that date to October 7, 1876, when suit was brought, the cause of action was barred.

We are of opinion the Statute of Limitations did not begin to run until a cause of action had accrued to appellees. No cause had accrued when the goods were delivered, but it did accrue on October 8th or 9th, when the goods were destroyed.

The case is a plain one for the appellees, and the judgment must be affirmed.

*Judgment affirmed.*