PENNSYLVANIA COMPANY

*v.*

CHICAGO, MILWAUKEE AND ST. PAUL RAILWAY COMPANY.

$$\begin{array}{|cc|} \hline 144 & 197 \\ 80a & 222 \\ \hline 144 & 197 \\ 107a & 393 \\ \hline \end{array}$$

*Filed at Ottawa, January 19, 1893.*

1. LIMITATIONS — *action against carrier — for neglect in transporting goods.* An action against a common carrier for an alleged neglect of duty to properly bill, direct and transport goods delivered to the carrier, is barred in five years from the date of the alleged tort or breach of duty, and not from the time when the damages actually ensue. This is when the action is not brought upon any written contract.

APPEAL from the Appellate Court for the First District; — heard in that court on appeal from the Circuit Court of Cook county; the Hon. S. P. McCONNELL, Judge, presiding.

Mr. GEO. WILLARD and Mr. E. O. BROWN, for the appellant:

The gist and cause of the present action is to recover as in case of a breach of duty on the part of the defendants to indemnify the plaintiff for the money which it was compelled to pay by process of law. Such actions are recognized as means of enforcing payment of money as an indemnity. *Allen* v. *Breusing*, 32 Ill. 505; *Drennan* v. *Bunn*, 124 id. 175.

In such cases the statute of limitations does not begin to run until the time of payment. *Schillo* v. *McEwen*, 90 Ill. 77; *Walker* v. *Goodrich*, 16 id. 341; *Thompson* v. *Reed*, 48 id. 118; *Roberts* v. *Reed*, 16 East, 215; *Crosby* v. *Wyatt*, 23 Me. 156; *Brodman* v. *Page*, 11 N. H. 431; *Hall* v. *Thayer*, 12 Metc. 130; *Davies* v. *Humphreys*, 6 M. & W. 153; *Colvin* v. *Buckle*, 8 M. & W. (Exch.) 680; *Holmes* v. *Williamson*, 6 M. & Sel. 158; *Burnell* v. *Minot*, 4 Moore, 340; Angell on Limitations, sec. 128; Parsons on Contracts (5th ed.), 34–36.

But even if the declaration be construed to be an action based solely on a breach of the duty arising from the evidence of appellee's written acknowledgments of the receipt of the oil

in question, as shown on pages 12 and 13 abstract, the statute of five years would not apply to bar the action. The written receipts referred to constitute contracts in writing, and, therefore, do not outlaw before the lapse of ten years after the action accrued. *Railroad Co.* v. *Johnson*, 34 Ill. 389 ; *Railroad* v. *Jaggerman*, 115 id. 407.

Actions on the case and in assumpsit are concurrent remedies where there is an express or implied contract, as in this case. And a declaration framed in assumpsit will support case, and so a declaration framed in case will support assumpsit. *Carter* v. *White*, 32 Ill. 509 ; *Nevin* v. *Pullman P. Car Co.*, 106 id. 222 ; *Willenborg* v. *Railroad Co.*, 11 Bradw. 298 ; *Sherburne* v. *T. F. Co.*, 19 id. 615.

Mr. E. WALKER, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court :

This was an action on the case brought by the Pennsylvania Company against the Chicago, Milwaukee and St. Paul Railway Company and the Canadian Pacific Railway Company to recover damages for the failure of the defendants to transport and deliver certain oils from Chicago to Brandon, in the Province of Manitoba and Dominion of Canada. The second amended declaration contained two counts; in the first count it is averred that on, to-wit : the 1st day of May, 1886, the plaintiff was a common carrier of oils, goods, wares and merchandise, from Cleveland, Ohio, to the city of Chicago. That the defendants, at and during the same time, were carriers of oils, goods, wares and merchandise, from Chicago to Brandon, in the Province of Manitoba and Dominion of Canada. It is then averred that on, to-wit : the 5th day of May, A. D. 1886, at, to-wit : Cleveland aforesaid, to-wit : at the county of Cook aforesaid, it, the said plaintiff, received of the Forest City Oil Company a large quantity, to-wit : fifty-two barrels of carbon, to-wit : carbon oil of great value, to-wit : of the value of $1000,

consigned to G. G. Fortier, at Brandon, Manitoba, to-wit: Brandon, in the Province of Manitoba, in the Dominion of Canada, in care of a certain railroad, to-wit: The Canadian Pacific railroad, to be taken reasonable care of and properly directed, billed and transported within a reasonable time from Cleveland aforesaid to Brandon aforesaid, and there, at Brandon aforesaid, to be delivered within such reasonable time to the said consignee or other proper person.

It is then averred that the plaintiff transported the oil from Cleveland to Chicago, and on, to-wit: the 17th day of May, A. D. 1886, the said oil, in good order and properly billed and directed, was delivered by the said plaintiff to the said defendants, to be by them taken reasonable care of and by them properly directed, billed and transported within a reasonable time to a certain other place, to-wit: Brandon aforesaid, for hire and reward. And said plaintiff avers that said defendants then and there, to-wit: on the day last aforesaid, at, to-wit: Chicago aforesaid, received and accepted the said oil for transportation and delivery as aforesaid, for hire and reward. And plaintiff avers that it thereupon became and was the duty of said defendants to take reasonable care of said goods, and properly bill and direct the same, and transport the same to Brandon aforesaid within a reasonable time, and there, to-wit: at Brandon aforesaid, to safely deliver to the consignee. The declaration contains a second count, which in form is substantially like the first, except it is averred that it received sixty-four barrels of oil at Cleveland on July 31, 1886, consigned to Fortier & Burke, at Brandon, Canada, which it is averred, as in the other count, defendants received at Chicago, to be properly directed, billed, transported and delivered at Brandon aforesaid. It is then averred that it became and was the duty of said defendants to take reasonable care of said goods, to-wit: said lot of fifty-two barrels of oil, and said lot of sixty-four barrels of oil, and properly bill and direct the same and transport the same to, to-wit: Brandon afore-

said, within a reasonable time, and there, to-wit: at Brandon aforesaid, within such reasonable time to safely deliver the said oil to the said consignees or other proper persons, and to repay all sums of money which the plaintiff by due process of law might or should be compelled to pay to the owners of said oil on account of any wrongful or negligent failure on the part of said defendants so to do. Yet the said defendants did not nor would perform their said duty, but, on the contrary, thereof so wrongfully and negligently conducted themselves in the premises that thereby and by reason thereof the said oil, to-wit: the lot of fifty-two barrels and the lot of sixty-four barrels became and were injured and damaged and wholly lost to the owners thereof, and the owners thereof thereby became and were entitled to damages against this plaintiff on account thereof, to the full value of said goods, and the plaintiff avers that it became the duty of the said defendants to repay and reimburse to the said plaintiff any sum or sums which the said plaintiff was by said negligence of the defendants compelled to pay, and did pay the said owners of said goods, and the plaintiff avers that by reason of such negligence of said defendants, and by such loss it was compelled by due process of law, to-wit: by the judgment of the Superior Court of said Cook county, Illinois, to pay damages and costs amounting to a large sum of money, to-wit: $2500, which plaintiff avers is the value of the goods. Yet defendant has not repaid to plaintiff to plaintiff's damage, etc. The defendants pleaded the general issue and the statute of limitations of five years, upon which pleas plaintiff took issue. After the evidence was concluded, the court instructed the jury to find for the defendant.

Upon looking into the record it appears that the plaintiff, a common carrier, undertook to carry two consignments of oil from Cleveland, Ohio, to Brandon, Canada. The oil was transported over the plaintiff's line of road from Cleveland to Chicago, where it was delivered to the Chicago, Milwaukee and St.

Paul Railway Company, the defendant herein, consigned to Brandon, Canada. The defendant company carried the oil to Minneapolis, where it was delivered to the St. Paul, Minneapolis and Manitoba Railroad Company. This company carried the goods to the next connecting line, and that line carried the goods to Winnipeg, where the goods seem to have been lost, and never reached the consignees. The consignees, never having received the oils, sued appellant and recovered the value of the property. After paying the judgment this action was instituted against appellee and the Canadian Pacific Railroad Company. The declaration is somewhat peculiar, but it is apparent from the averments that the action is one predicated on the theory that defendants were common carriers for hire from Chicago to Brandon. That plaintiff, having delivered defendants at Chicago a quantity of oil to be transported to Brandon, it became, and was the duty of defendants, to take reasonable care of the property, and properly bill, direct and transport the same to Brandon and there deliver the goods to the consignee. That defendants did not perform the duty of common carrier imposed by law, but on the other hand, through their negligent conduct in directing and transporting the goods the property was lost, and hence their liability. The instruction to the jury to find for the defendants was predicated on the ground that the action was barred by the statute of limitations, and whether the action is barred by the five years statute of limitations is the principal, and indeed the only question of any importance presented by the record. Section 15 of the statute of limitations provides " actions on unwritten contracts, express or implied   *   *   *   and all civil actions not otherwise provided for shall be commenced within five years next after the cause of action accrued." As this is an action on the case to recover for an alleged neglect of duty, and as an action of that character falls within the terms of the section of the statute *supra*, it follows, unless the action

was brought within five years next after the cause of action accrued, the statute was a bar to the action.

Upon looking into the evidence it will be found that the first consignment of oil was delivered to appellee at Chicago on the 17th day of May, 1882, and the second on August 5, and that the appellee delivered the first lot to the St. Paul, Minneapolis and Manitoba railroad, at the terminus of appellee's line, about the 24th day of May, 1882, and the second about the 8th day of August, of the same year. It also appears that the negligence relied on to maintain a recovery against appellee was the act of changing the names of the consignees when it delivered the goods to the connecting carrier. These acts of negligence occurred, if at all, in May and August, 1882. This action was not, however, brought until the 3d day of September, 1887, more than five years after the negligent acts relied upon. If, therefore, the statute commenced to run when the breach of duty or tort occurred, it is plain that the statute was a bar to the action. In vol. 13, American and English Encyclopædia of Law, the rule on this subject is stated as follows: " In the case of torts arising *quasi e contractu*, and in actions for breach of contract, the statute generally begins to run at the date of the tort or breach, and not when damages ensue." See, also, 2 Greenl. Ev. 433 ; Angell on Limitations, sec. 136, where the same rule is laid down. Here we think it is clear that the action accrued against appellee at the time the goods were delivered to the next connecting line misdirected.

It is, however, claimed that the action is one to recover as in case of a breach of duty on the part of the defendants to indemnify the plaintiff for money it was compelled to pay by process of law, and the statute of limitations did not begin to run until the plaintiff paid the judgment recovered against it for the loss of the goods.

We do not concur in this view. The action, as is apparent from the declaration and the evidence introduced to support it, is based solely on a breach of duty imposed upon the defendants

when they, as common carriers, received the goods and. undertook to ship and deliver the same. It is also said the receipts for the goods constitute a contract in writing, and an action thereon would not be barred until the expiration of ten years. A sufficient answer to this position is that the action is not based on the receipts, nor were they relied upon as the contract between the parties by which the rights of the respective parties should be governed or controlled.

We perceive no error in the judgment of the Appellate Court, and it will be affirmed.

*Judgment affirmed.*