R. W. WILLIAMSON & CO. v. TEXAS & PACIFIC RAILWAY COMPANY.

No. 2333.  Decided May 6, 1914.

Limitation—Carrier—Bill of Lading.

An action against a carrier on its bill of lading for cotton delivered to it for transportation and destroyed by fire in its hands, is on a written contract, and is barred only by four years limitation. Elder, Dempster & Co. v. St. Louis S. W. Ry. Co., 105 Texas, 628, followed. The fact that the shipper was advised of the loss at the time a part only of the shipment was delivered to a connecting carrier did not change his right of action from one on the written contract to one for tort subject to the two years statute of limitation. (Pp. 295, 296.)

Error to the Court of Civil Appeals, Fifth District, in an appeal from Dallas County.

Williamson & Co. sued the railway company. Defendant's plea of limitation was sustained, and the judgment was affirmed on appeal by plaintiffs, who then obtained writ of error.

*D. A. Eldridge,* for plaintiffs in error, cited: Schloss v. A. T. & S. F. Ry. Co., 85 Texas, 602; 4 Elliott on Railroads (2nd ed.), sec. 1693; 3 Hutchinson on Carriers (3rd ed.), sec. 1333; Davies v. Railway Co., 133 S. W., 295.

*T. B. McCormick* and *T. D. Graham,* for appellee.—Suits against carriers for failure to deliver articles of freight given to them for transportation are, in substance, actions for conversion and governed by the two years statute, regardless of technical allegations designed to plead the action out of the two years bar by formally declaring upon a bill of lading. Mo. Pac. Ry. Co. v. Heidenheimer, 82 Texas, 201; G.. C. & S. F. Ry. Co. v. Darby, 28 Texas Civ. App., 229; 4 Elliott on Railroads, sec. 1526; H. & T. C. Ry. Co. v. Adams, 49 Texas, 748; G., H. & S. A. Ry. Co. v. Clemons, 19 Texas Civ. App., 452; Hooks v. G. B. & K. C. Ry. Co., 97 S. W., 516; F. W. & D. C. Ry. Co. v. McAnulty, 26 S. W., 414, 416, 7 Texas Civ. App., 321; G., H. & S. A. Ry. Co. v. Roemer, 20 S. W., 843, 844, 1 Texas Civ. App., 191; Kelly v. Western Union Tel. Co., 43 S. W., 532, 17 Texas Civ. App., 344.

The bill of lading that appellee issued upon receipt by it of the cotton for transportation is not a contract in writing evidencing an indebtedness within the meaning and purview of subdivision 1 of article 3356, Revised Statutes, and appellee's indebtedness or liability, if any, on account of the destruction of the cotton by fire, does not arise out of the bill of lading, but by reason of the common law. K. C. So. Ry. Co. v. Rosebrook-Josey Grain Co., 52 Texas Civ. App., 156; Rev. Stats., art. 322; 25 Cyc., 1038; T. & P. Ry. Co. v. Richmond & Tiffany, 94 Texas, 571.

The statute of limitation began to run from the time that appellee was in default for non-delivery of the cotton at New Orleans, and knowledge of the cause of the destruction of the cotton or reason for non-delivery was not necessary to appellant's cause of action or to set limitation in operation. Waterworks v. Kennedy, 70 Texas, 233-236; H. & T. C. Ry. Co. v. Adams, 49 Texas, 762; Cyc., Limitations of Actions, 1212-1217.

MR. JUSTICE PHILLIPS delivered the opinion of the court.

The suit was for the recovery of the value of thirty bales of cotton, based upon a bill of lading, issued by the defendant in error to W. A. Arthur & Co. and by that firm for a valuable consideration endorsed to the plaintiffs in error, for the transportation from Detroit, Texas, and delivery at Liverpool, England, of 104 bales of cotton, the shipment to be over the line of defendant in error from Detroit to New Orleans, Louisiana, and via the Leyland Steamship Line from New Orleans to

Liverpool. While the cotton was in the possession of the defendant in error and in the course of the transportation from Detroit to New Orleans, thirty bales were destroyed by fire. The remaining seventy-four bales were duly delivered at New Orleans to the steamship line, which at the time issued to the plaintiff in error, the then holders of the original bill of lading and owners of the cotton, its marine bill of lading for their transportation to Liverpool, this part of the original shipment being thereafter duly delivered at Liverpool, whereupon both bills of lading were surrendered, with a notation made upon the original bill of lading of the defendant in error indicating the delivery to the steamship line of only seventy-four bales of the original shipment. It was found by the Honorable Court of Civil Appeals that the plaintiffs had notice of there being a shortage of thirty bales in the shipment at the time of the delivery of the cotton to the steamship line at New Orleans; that the consignee of the cotton had notice to the same effect when the bills of lading were surrendered at Liverpool; but that plaintiffs in error had no actual knowledge of the destruction by fire of the thirty bales in question while in transit to New Orleans, until a later time.

The suit was filed more than two years after the destruction of the thirty bales and after the plaintiffs in error acquired actual knowledge of that fact, but within four years from the date they acquired such knowledge and that, accordingly, the cotton could not and would not be delivered in compliance with the obligation of the bill of lading. The trial court sustained the plea of limitation interposed by the defendant in error upon the view that the two years statute of limitation applied to the action. The Honorable Court of Civil Appeals affirmed the judgment upon the same ground.

As determined by the allegations of the petition the suit was clearly one for the breach of the contract of the defendant in error as evidenced by its bill of lading, by which it became obligated to make delivery of the full number of bales constituting the shipment; and the character of the action was not changed, we think, to that of conversion, by the facts we have recited in respect to the plaintiffs in error having notice of the shortage in the shipment when it reached New Orleans and becoming advised, shortly after the delivery of the seventy-four bales at Liverpool, that the failure to make delivery of the thirty bales was due to their destruction by fire, to which the Court of Civil Appeals attached importance in its decision of the case. The question is controlled by the holding announced by this court in the case of Elder Dempster & Co. v. Railway Co., 105 Texas, 628, 154 S. W., 975, decided since the decision of the case by the Court of Civil Appeals, to the effect that in suits of this character the two years statute of limitation is inapplicable.

The judgments of the District Court and the Court of Civil Appeals are accordingly reversed and the cause is remanded to the District Court for further trial.

*Reversed and remanded.*