TEXAS & P. RY. CO. v. R. W. WILLIAMSON & CO. (No. 7557.) *

(Court of Civil Appeals of Texas. Dallas. May 20, 1916. Rehearing Denied June 24, 1916.)

1. LIMITATION OF ACTIONS �kö24(2)—WRITTEN CONTRACTS—BILL OF LADING.

Rev. St. 1911, art. 5688, subd. 1, providing that actions for debt or contracts in writing shall be commenced within four years, applies to an action to recover for breach of a bill of lading.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 113; Dec. Dig. �kö24(2).]

2. LIMITATION OF ACTIONS �kö46(11)—ACCRUAL OF RIGHT OF ACTION—CONTRACTS—BILL OF LADING.

Where cotton was shipped on a through bill of lading from Texas via New Orleans to Liverpool, England, and a portion of it destroyed by fire while in defendant's possession, the consignor not being under duty to keep track of the shipment while in transit, the statute of limitations did not begin to run till plaintiffs, not being negligent, actually learned of the nondelivery.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 250; Dec. Dig. �kö46(11).]

3. CARRIERS �kö132 — DESTRUCTION OF SHIPMENT—EVIDENCE—BURDEN OF PROOF.

In an action for the value of 30 bales of cotton destroyed by fire, upon establishment of the plaintiffs' prima facie case that the cotton was destroyed while in the defendant's possession under a bill of lading, the burden was on defendant to show freedom from negligence.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 578–582, 605; Dec. Dig. �kö132.]

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by R. W. Williamson & Co. against the Texas & Pacific Railway Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

George Thompson and Flippen, Gresham & Freeman, all of Dallas, for appellant. D. A. Eldridge, of Dallas, for appellees.

RAINEY, C. J. On December 17, 1908, appellees sued appellant to recover for the value of 30 bales of cotton shipped over appellant's road, which cotton was destroyed by fire while in possession of appellant, and was never delivered. Defendant answered by demurrer that plaintiff's cause of action was barred by the statutes of two and four years' limitation, and specially the denial of liability in that the cotton was destroyed by fire not attributable to its negligence. A trial was had without a jury and resulted in a judgment for appellees.

The case was tried on an agreed statement of facts and those necessary for the determination of the issues in controversy are found in appellant's brief as follows:

"At Detroit, Tex., on October 27, 1904, W. A. Arthur & Co., delivered to the Texas & Pacific Railway Company 104 bales of cotton to be by it transported to New Orleans, La., and at that port to make delivery thereof to Leyland Steamship Line, the shipment to be thence transported by the Leyland Steamship Line to Liverpool, England, and there delivered to shipper's order, notify Steel, Bradley & Co. Upon the receipt of said 104 bales of cotton defendant issued the bill of lading hereto attached and marked 'Exhibit A' for identification.

"Said 104 bales of cotton were in due course transported to Clarksville, Tex., and there delivered to a compress company; and after compression the same were by the compress company reloaded into cars and delivered to defendant. While said shipment of cotton was in possession of defendant in transit from Clarks-

ville to New Orleans, 30 bales of said cotton, in Texas & Pacific box car No. 4868, marked 'E. N. R. Y. 8,' which are herein sued for, were on the 5th day of November, 1904, destroyed by fire, the origin of which is to defendant unknown. Said box car No. 4868 was 634 feet from the engine attached to train.

"The remainder of said shipment—that is, 74 bales of cotton—were by defendant in due course transported to New Orleans, and there, on the 14th day of November, 1904, delivered to the Leyland Steamship Line, which steamship line on the 16th day of November, 1904, issued to plaintiffs, the then owners by indorsement of defendant's said bill of lading, its (said steamship line) bill of lading for said 74 bales of cotton, the original of which last-mentioned bill of lading is lost, but an exact copy thereof, with the identical corrections and interlineations, is hereto attached and marked 'Exhibit B' for identification. Said 74 bales of cotton were transported by the Leyland Steamship Line by its steamship Belgian to Liverpool, England, and by it there delivered to the consignee on the 7th day of December, 1904, at which time both of said bills of lading were surrendered, and the following notation was made on defendant's bill of lading, viz.: 'Order signed for 74 bales of cotton ex Belgian S. S. 7–1201904 for Frederick Leyland & Co. (1900) Limited. [Signed] A. E. Dunne.'

"The shipment of cotton was covered by two bills of lading which are attached to the' agreed statement of facts. The first, Exhibit A, was issued by appellant at Detroit, Tex., and the other, Exhibit B, was issued by the Leyland Steamship Line at New Orleans. The inland bill of lading issued by appellant recites that 104 bales of cotton were received at Detroit, Tex., October 27, 1904, 'to be carried to the port of New Orleans, La.; thence by Harrison or Leyland Steamship Line to the port of Liverpool, England.' This bill of lading contains, among others, the following two conditions: 'This contract is executed and accomplished and the liability of the Texas & Pacific Railway Company as common carrier under said contract is terminated on the delivery of said cotton to Leyland Steamship Company, its master, agent, or servants, or to any steamship of said company, or when said cotton shall have been unloaded on the wharf or steamship pier, or upon the platform or in the warehouse of the Texas & Pacific Railway Company, at said port of New Orleans, La., and said steamship company duly and reasonably notified thereof. Upon the delivery of said cotton to said ocean carrier at the aforesaid port said cotton shall be subject to all the terms and conditions expressed in the bills of lading and masters' receipt in use by the steamship or steamship company or connecting lines by which said cotton may be transported, and upon delivery of said cotton at the usual place of delivery by the steamship or steamship lines carrying the same at the port of destination the responsibility of said ocean carrier shall cease.' The ocean bill of lading issued by the Leyland Steamship Line to appellee at New Orleans on November 16, 1904, recites that 74 bales of cotton were 'received from Texas & Pacific Railway Company for shipment by the steamship Belgian bound for Liverpool.' "

It was also agreed that none of the parties actually knew of the 30 bales of cotton being destroyed by fire until January, 1905, except the railway company.

Complaint is made that appellees' cause of action was barred by the four-year statute of limitation, and appellant submits the proposition that:

"The bill of lading declared upon in the petition only obligated appellant to transport the cotton to the port of New Orleans, and there to deliver the same to the Leyland Steamship Company, when its undertaking in respect to the shipment was performed and fully accomplished, and its liability terminated. If appellant breached its contract of shipment and incurred a liability by reason thereof, such breach occurred, and liability resulted, and appellees' cause of action accrued, when appellant failed to deliver the 30 bales of cotton to the Leyland Steamship Line at New Orleans, and subdivision 1 of article 5688 of the statutes, prescribing a four-year period of limitation, is a bar to this action."

[1] It is settled that in an action to recover for the breach of a bill of lading the statute of four years applies, and not that of two years. Dempster v. Railway Company, 105 Tex. 628, 154 S. W. 975; Williamson v. Railway Company, 106 Tex. 294, 166 S. W. 692.

Do the facts in this case show that appellees' action was barred by the four-year statute of limitation? We think not. Our conclusion is based in part upon the action of the Supreme Court in Williamson v. Railway Company, supra, which was a former appeal of this case, and wherein the pleading and facts were the same as herein presented, but the trial court and this court held that the statute of two years applied, and the Supreme Court reversed and remanded the cause, holding that the four-year statute instead of the two-year applied. In rendering the opinion in that case Mr. Chief Justice Phillips said:

"It was found by the honorable Court of Civil Appeals that the plaintiffs had notice of there being a shortage of 30 bales in the shipment at the time of the delivery of the cotton to the steamship line at New Orleans, that the consignee of the cotton had notice to the same effect when the bills of lading were surrendered at Liverpool, but that plaintiffs in error had no actual knowledge of the destruction by fire of the 30 bales in question while in transit to New Orleans until a later time. The suit was filed more than two years after the destruction of the 30 bales, and after the plaintiffs in error acquired actual knowledge of that fact, but within four years from the date they acquired such knowledge, and that accordingly the cotton could not and would not be delivered in compliance with the obligation of the bill of lading. The trial court sustained the plea of limitation interposed by the defendant in error upon the view that the two-year statute of limitation applied to the action."

From this language of the Supreme Court we take it that the 30 bales were not delivered in compliance with the obligations of the bill of lading, and that the cotton was destroyed, which was not actually known to the appellees until January, 1905, therefore the statute of limitation did not begin to run until that time, and it reversed the judgment, that the trial court might try the cause on the theory that the four-year statute of limitation applied, not feeling certain but that on another trial different facts might be developed.

[2] The bill of lading issued by appellant was a through bill of lading from Detroit, Tex., via New Orleans, to Liverpool, England. The consignor was not expected to keep track of said cotton while in transportation, but could expect the cotton to be transported safely to the point of destination through

connecting carriers named to transport same. A reasonable time is given for delivery, and the statute will not begin to run until a reasonable time has been given to learn of the nondelivery. Railway Co. v. Adams, 49 Tex. 748, 30 Am. Rep. 116. The evidence fails to show negligence of appellees in failing to ascertain the nondelivery of the cotton before January, 1905, and until then the statute of limitation did not begin to run.

[3] The cotton was destroyed by fire while in the possession of the appellant, but its origin was unknown to appellant. The appellees by showing the destruction of the cotton while in appellant's possession established a prima facie case of liability on appellant's part, and to disprove this it devolved upon appellant to show want of negligence in not causing the fire. This it did not do, and therefore it is liable for its value. Railway Co. v. Richmond & Tiffany, 94 Tex. 576, 63 S. E. 619.

The judgment is affirmed.