## MISSOURI, K. & T. RY. CO. v. HUNTER.
### (No. 6132.)

(Court of Civil Appeals of Texas. Austin. Dec. 17, 1919.)

1. BAILMENT ☞35—RIGHT OF BAILEE TO RECOVER DAMAGES FOR INJURY TO PROPERTY.

Where property is damaged by a third person and the bailee brings an action for damages, the right to recover for damages beyond those suffered by him as bailee or lessee must rest upon the theory that he is the agent of the owner and is suing for his benefit, and, if the third party settles with the owner to the extent of his interest therein, the bailee can only recover the amount of his own damage.

2. LIMITATION OF ACTIONS ☞121(2)—AMENDMENT AS TO PARTIES NOT SETTING UP NEW CAUSE OF ACTION.

Where a lessee of a horse sued for injuries to the horse, and, without his consent, made the lessor a joint plaintiff, but on the owner's protest filed another petition and sued in his own name, the amended petition did not set up a new cause of action to which limitations would apply.

3. LIMITATION OF ACTIONS ☞24(2)—BILL OF LADING A CONTRACT IN WRITING WITHIN FOUR-YEAR STATUTE.

A bill of lading executed by a carrier is a contract in writing to which the four-year statute of limitation applies.

Appeal from District Court, Falls County; W. A. Patrick, Judge.

Action by C. T. Hunter against the Missouri, Kansas & Texas Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Spivey, Bartlett & Carter, of Marlin, for appellant.

E. W. Bounds, of Marlin, for appellee.

KEY, C. J. Appellee brought this suit against appellant and recovered a judgment for $1,500, for damages alleged to have resulted from injuries to two race horses, shipped by appellee from Nacogdoches to Lake Wichita, Tex.; and from that judgment this appeal is prosecuted.

Averments in appellant's answer, supported by clear and undisputed proof, show that one of the animals referred to did not belong to the plaintiff, but was the property of Dr. I. E. Clark; that without his consent Dr. Clark was made a joint plaintiff when suit was originally brought, but, after his protest and objection, the plaintiff Hunter filed another petition, and sued in his own name. The undisputed proof shows that appellant made a settlement with Dr. Clark, and paid him $450, on account of the injuries complained of in the plaintiff's petition, and the plaintiff was aware of that fact before the case was tried. He alleged and proved that at the time the animal was injured he was entitled to possession of it, under a contract of lease with the owner, by which he was to have the animal for at least four months, and as much longer as he desired; and that he had incurred considerable expense in training the horse, and otherwise caring for it, so as to increase its value as a race horse; and he shipped him to Wichita Lake for the purpose of entering him in certain horse racing contests; and he testified that it was his intention to keep the horse for another year.

Among other things, the court instructed the jury as follows:

"If you should find for the plaintiff under the preceding section of this charge, then the measure of plaintiff's damages is the difference between the reasonable market value of the two horses at their destination in the condition in which they reached their destination and were delivered to the plaintiff, and their reasonable market value in the condition and at the time they would have reached their destination had they not been injured en route, provided that you find that said horses had a market value at said destination. But, if you find that there was no market at Lake Wichita for the horses in question, then the proper measure of damages is the difference between the reasonable intrinsic value or actual value of said horses at the time and in condition that they did reach their destination and their actual value at the time and in the condition that they would have reached their destination had they not been injured en route."

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"It appears from the pleadings and the evidence that the plaintiff was not the owner of the horse called Celt, but it is undisputed that plaintiff was, at the time of the injury complained of, the bailee of said horse and had a special interest in the horse by reason of having leased the horse from his owner for a definite period of time and had expended more or less money on said horse preparing him for the purposes and uses intended and contemplated by both the owner and the plaintiff, and that the term of said lease had not expired at the time of alleged injury to said horse Celt. Therefore you are charged that the plaintiff had and has the right to maintain a suit for any damages to said horse which may have occurred during the time he had possession of said horse under said lease, and any settlement that the defendant may have made with the owner of said horse without the consent of the plaintiff, will not bar plaintiff's right to recover the damages sustained by him in the injury of said horse Celt. And if you find from the evidence that the plaintiff at the time of the alleged injury to the horse Celt was entitled to the exclusive possession of said horse, then you should find in favor of the plaintiff for all damages sustained by the horse Celt, if you find he was damaged, without regard to the settlement made by defendant with I. E. Clark."

[1] Appellant has assigned error upon both of these paragraphs of the court's charge, and we sustain the assignments. While there may be cases which hold that a bailee or lessee of personal property may recover damages for all the injury the property has sustained while in his possession as a result of wrongs committed by the defendant, the right of a recovery for damages, beyond those suffered by the bailee or lessee, must rest upon the theory that he is the agent of the owner, and is suing for his benefit, and that the latter will be estopped by the judgment. But the fact that the bailee has instituted a suit which might result in a judgment having that effect does not affect the right of the defendant to make a settlement with the owner of the property, and plead the same in bar of the plaintiff's right to recover damages for more than the injury which has resulted to him as a bailee in possession of the property. Hence we hold that in the case at bar the measure of the plaintiff's damage is limited to the amount of loss which he has sustained by reason of whatever injuries the defendant may have wrongfully inflicted upon the animal, but he is not entitled to recover the difference in value of the animal immediately before and immediately after the injury.

[2, 3] We rule against appellant upon the question of limitation, and hold that the plaintiff's original petition was so framed as that the damages sought to be recovered in the amended petition did not set up a new cause of action. Also, if it is made to appear upon another trial that appellee's cause of action is based upon a written contract, the question of limitation will be eliminated, because it would be controlled by the four-year, and not the two-year, period of limitation. Elder, Dempster & Co. v. St. Louis S. W. Ry. Co., 105 Tex. 628, 154 S. W. 975.

Some other questions are presented in appellant's brief, but they are not considered, because the bills of exception relating thereto were not filed in time, and we have sustained a motion to strike them out.

For the error pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.

---

⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes