## TEXAS & P. RY. CO. v. R. W. WILLIAMSON & CO. (No. 137–3046.)

(Commission of Appeals of Texas, Section B. May 19, 1920.)

1. Limitation of actions ⬳195(3)—Burden to show cause of action barred on defendant.

The burden to show that plaintiff consignee's cause of action for destruction of, part of the shipment was barred by limitations was on defendant carrier.

2. Limitation of actions ⬳46(11)—Statute did not run on consignee's cause of action until reasonable period after time for delivery.

In absence of actual knowledge that carrier of shipment of cotton would not or could not deliver part of shipment, or of facts and circumstances which would charge consignee with notice, statute of limitations would not begin to run against consignee's cause of action until reasonable time had elapsed within which cotton should have been delivered.

3. Limitation of actions ⬳46(11)—Notice of carrier's breach not imputed to consignee to institute running of limitations.

Bare fact of knowledge by consignee of cotton, on November 16th, that only 74 bales of consignment of 104 had been delivered by carrier to Atlantic steamship line, and that latter, on December 7th, delivered to consignee at Liverpool, England, only what it had received from carrier at New Orleans, was insufficient to impute notice to consignee that carrier could not or would not comply with contract, to institute running of statute of limitations against consignee's cause of action.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Action by R. W. Williamson & Co. against the Texas & Pacific Railway Company. From judgment for plaintiff, defendant appealed to the Court of Civil Appeals, which affirmed (187 S. W. 354), and defendant brings error. Judgments of the Court of Civil Appeals and trial court affirmed on recommendation of the Commission of Appeals.

See, also, 106 Tex. 294, 166 S. W. 692.

Geo. Thompson and Flippen, Gresham & Freeman, all of Dallas, for plaintiff in error.

D. A. Eldridge, of Dallas, for defendant in error.

McCLENDON, J. This action was by R. W. Williamson & Co. to recover of the Texas & Pacific Railway Company the value of 30 bales of cotton out of an entire shipment of 104 bales. Plaintiffs sued as assignees of a bill of lading issued by defendant, whereby the latter agreed to transport the 104 bales from Detroit, Tex., to New Orleans, La., and there to deliver the same to the Harrison or Leland Steamship Line; from which port said cotton was to be transported by the steamship line to Liverpool, England, and there delivered to the order of the consignor. A judgment of the trial court in favor of plaintiff was affirmed by the Court of Civil Appeals, Fifth District. 187 S. W. 356.

The important question in the case is whether plaintiffs' cause of action was barred by the four years' statute of limitation. The case was tried before the court without a jury, upon an agreed statement of facts, which, in so far as material to this issue, are as follows:

The bill of lading was executed and the cotton delivered to defendant at Detroit, Tex., on October 27, 1904. Thirty bales of the shipment were, while in defendant's possession, destroyed by fire on November 5, 1904. The remaining 74 bales were delivered by defendant on November 14, 1904, to the Leland Line at New Orleans, and two days later the latter issued to plaintiff its bill of lading covering the 74 bales. On December 7, 1904, upon surrender by the plaintiff to the Leland Line of the two bills of lading, the Leland Line delivered the 74 bales to plaintiff at Liverpool, England. It was agreed that neither plaintiff nor the consignor had actual knowledge until January, 1905, that the fire had occurred while the shipment was in transit from Clarksville to New Orleans, and that it was thereby that the 30 bales of cotton sued for were not delivered. Except as to the bare facts as above detailed, the record is silent as to any evidence bearing upon the question of limitation. Plaintiffs' suit was filed on December 17, 1908.

[1-3] The burden of showing that plaintiffs' cause of action was barred by limitation rested upon defendant. In the absence of actual knowledge that the defendant would not, or could not, deliver the 30 bales of cotton, or of facts or circumstances which would charge the plaintiffs with notice of such fact, the statute of limitations would not begin to run until a reasonable time had elapsed within which the cotton should have been delivered at destination. Railway v. Adams, 49 Tex. 748, 30 Am. Rep. 116. There is nothing in the record to show what such reasonable time was. The issue, therefore, resolves itself into whether the bare fact of knowledge on plaintiffs' part on November 16th that only 74 bales out of the consignment had been delivered by the defendant to the steamship line, and that the latter on December 7th delivered to plaintiffs at Liverpool only what it had received from defendant at New Orleans, was sufficient to impute notice to plaintiffs that the defendant could not, or would not, comply with its contract. We think this question has been decided adversely to defendant by the Supreme Court in a former appeal of this cause. Williamson v. Ry., 106 Tex. 294, 166 S. W. 692. The case was then before the Supreme Court up-

on substantially the same agreed statement of facts as that presented in the present record. In the opinion in that case, by Judge Phillips, it was held that the four years', and not the two years', statute of limitation was applicable, and the cause was remanded to the district court for "further trial." We think the Court of Civil Appeals correctly held that if the facts presented had been sufficient as a matter of law to charge plaintiffs with notice that the defendant could not, or would not, deliver the 30 bales of cotton, there would have been no necessity to remand the case for further trial; and the Supreme Court would evidently have rendered judgment in favor of defendant.

The other assignment of error we think is without merit, and was properly overruled by the Court of Civil Appeals.

We conclude that the judgments of the Court of Civil Appeals and district court should be affirmed.

PHILLIPS, C. J. We approve the judgment recommended in this case.

---

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes