ISAAC MALLORY, Respondent, *v.* WILLIAM M. BARRETT, as President of the ADAMS EXPRESS COMPANY, Appellant.

Supreme Court, Appellate Term, First Department, November, 1921 — Filed June, 1922.

Carriers — loss of trunk — limitation of action created by contract — Transportation Act of February 28, 1920, § 206-f, applies only to limitations created by statute.

A contract with defendant, a common carrier, for the shipment of plaintiff's trunk contained the following clause: " suits for loss, damage or delay shall be instituted within two years and one day after delivery of the property, or in case of failure to deliver, then within two years and one day after a reasonable time for delivery has elapsed." The trunk was never delivered to the consignee and the evidence on the trial of an action for its loss, begun more than " two years and one day after a reasonable time for delivery had elapsed," being insufficient to show any waiver of said clause of the contract, the complaint was dismissed. Later the trial judge holding that by virtue of section 206-f of the Transportation Act of February 28, 1920, the defendant was under federal control for a period which should be deducted from the period of limitation fixed by the contract, granted an order vacating and setting aside the judgment dismissing the complaint, and judgment was rendered in favor of plaintiff. *Held,* that the United States Circuit Court of Appeals having recently decided that said section of the statute refers only to the limitation created by said statute and has no application to limitations created by contract, the order setting aside the judgment dismissing the complaint was erroneous on the merits, and said order will be reversed and said judgment reinstated.

APPEAL from an order of the Municipal Court of the city of New York, borough of Manhattan, seventh district, setting aside and vacating a judgment rendered in favor of the defendant.

*Stockton & Stockton (Joseph C. Slaughter, of counsel), for appellant.*

*Martin Catts (Gilbert Ray Hawes, of counsel), for respondent.*

LEHMAN, J. In January, 1918, the plaintiff delivered to the defendant as a common carrier a trunk. The trunk was apparently lost in transit, and was never delivered to the consignee. The plaintiff began this action for the loss of the trunk in May, 1920. The contract of shipment contained a clause that " suits for loss, damage or delay shall be instituted within two years and one day after delivery of the property, or in case of failure to deliver, then

within two years and one day after a reasonable time for delivery has elapsed."

It is quite evident that the plaintiff began this action more than two years and one day after a reasonable time for delivery of the goods had elapsed, and the evidence is insufficient to show any waiver of this clause of the contract. For this reason the trial justice dismissed the complaint, but subsequently made an order vacating and setting aside the judgment, and the defendant now appeals from this order. At the outset it urges that the order is invalid on various technical grounds. We have not deemed it necessary to consider these contentions, because on the merits the order is erroneous.

Section 206-f of the Transportation Act of February 28, 1920, governing interstate shipments, provides that the "period of Federal control shall not be computed as a part of the periods of limitation in actions against carriers or in claims for reparation to the Commission for causes of action arising prior to Federal control," and the learned trial justice has held that the defendant was a carrier which was under Federal control for a period which should be deducted from the period of limitation. The record presents no evidence of such control, and the trial justice has based his finding of that fact upon an opinion and finding of the interstate commerce commission in *Matter of Consolidation of Express Companies,* 59 Interstate Commerce Commission Rep. 469. While perhaps the court may take judicial notice that under the president's proclamation, the federal government assumed control of the American Railway Express Company, we cannot take judicial notice that the Adams Express Company was a part of the American Railway Express Company, and this fact is disputed by the defendant. Even if in another proceeding the interstate commerce commission has made a finding that the Adams Express Company was part of the American Railway Express Company, it is at least doubtful whether such a finding would be binding upon the court in this proceeding. We need not, however, now decide this point, because in any event the statute upon which the plaintiff relied has no application to the present case. In the recent case of *New York Central R. Co.* v. *Lazarus,* 278 Fed. Rep. 900, the United States Circuit Court of Appeals of this circuit decided that this section of the statute refers only to the limitations created by the statute and has no application to limitations created by contract. See, also, *Ellis & Co.* v. *Davis,* 276 Fed. Rep. 401, and *Ellis & Co.* v. *Payne,* 274 id. 443. The court in that case had before it for construction exactly the same clause as is contained in the contract between the parties in the present case, and the court

decided that under that clause an action was barred which was not brought within two years after a reasonable time for delivery had elapsed, even though the carrier had subsequently been under federal control, and investigations and other negotiations were pending up to the time of the commencement of the action. Under the authority of that case it follows that the plaintiff cannot maintain the action, and the order setting aside the judgment is reversed, with thirty dollars costs, and the judgment reinstated.

WHITAKER and DELEHANTY, JJ., concur.

Order reversed.