ARISTO HOSIERY COMPANY, Plaintiff, *v.* ATLANTIC COAST LINE, Defendant.

Municipal Court of New York, Borough of Manhattan, Ninth District, November 19, 1926.

Carriers — action for loss of goods in transit — goods shipped while railroads under Federal control — under Transportation Act of 1920 action must be brought against Director-General within two years after passage of act — cause of action accrued at time of stranding of steamer — motion to dismiss complaint denied where pleadings failed to disclose date of accident.

Plaintiff's complaint in an action for loss of merchandise which was being conveyed to plaintiff in New York aboard a steamship from North Carolina, notice of the loss of which was given the plaintiff by the defendant on July 15, 1920, should not be dismissed for lack of jurisdiction of the person of the defendant and of the subject-matter of the action, notwithstanding that at the time of the shipment the railroads were under the control of the Director-General of Railroads and so continued until February 28, 1920, and the Trans-

portation Act of 1920 provides that a cause of action arising during Federal control must be brought against the Director-General not later than two years after the passage of said act, where the pleadings fail to disclose the date of the stranding of the steamer.

Where goods are lost while in the possession of the carrier, the statute runs from the date of the loss, but in view of the fact that there is no disclosure as to the date of the accident the court cannot determine whether or not the Director-General of Railroads is responsible.

MOTION to dismiss complaint for lack of jurisdiction of the person and of subject-matter.

*Henry A. Blumenthal,* for the plaintiff.

*Stewart & Shearer* [*James J. Mennis* of counsel], for the defendant.

GENUNG, J.   Action for loss of merchandise, alleged to have been shipped on January 23, 1920, from Scotland Neck, N. C., to the place of business of plaintiff in the borough of Manhattan, city of New York, in the amount of $792.75.   On July 15, 1920, the defendant notified the plaintiff that the said goods were destroyed or lost by reason of the stranding of the steamship.   The defendant filed a special notice of appearance, and objection to the jurisdiction of the court over the subject-matter of the action and over the defendant.

At the time of the shipment the railroads were under control of the Director-General of Railroads, and so continued until February 28, 1920, when terminated by statute.   (Transp. Act of 1920, § 206-a; 41 U. S. Stat. at Large, chaps. 91, 461.)   The act also provided that a suit instituted on a cause of action arising during Federal control of the railroads must be brought against the Director-General, and must be brought not later than two years after the passage of said act.   The plaintiff claims the cause of action arose at the time of receipt of notice of loss, and was properly brought against the defendant in March, 1926, within six years after said date.   The defendant claims the cause of action arose when the merchandise was shipped, in January, 1920, and is barred by the statute.

It is well settled that the only person who could be sued for losses occurring during the period of Federal control was the Director-General of Railroads.   (*Wabash, etc.,* v. *Elliott,* 261 U. S. 457.)   A cause of action arising out of a breach of contract accrues at the time the breach is completed.   (*Bykowsky* v. *Public Nat. Bank of N. Y.,* 209 App. Div. 61.)   In the case under consideration the contract is to deliver goods in New York, and it would seem that the breach occurred on the date when the carrier should have delivered the goods, but failed to do so.   (*Merchants' Despatch Co.* v. *Topping,* 89 Ill. 65; *Finn* v. *Western R. R. Corp.,* 102 Mass. 283.)   These were actions against the carrier to recover for goods destroyed while in the carrier's possession, and it was held the cause of action

did not accrue until the loss occurred. The rule is similar in cases where goods were missent, and in such cases it has been held the statute begins to run from the date when they should have been delivered. (*Pennsylvania, etc.,* v. *Chicago, etc.,* 144 Ill. 197; *Pitkin* v. *Rousseau,* 14 La. Ann. 511.) The time of the performance, *i. e.,* the date on which the goods should have been delivered, apparently is a question of fact to be determined by the jury. This would be a reasonable time after shipment, allowing for details, etc. (*Texas, etc.,* v. *Williamson & Co.,* [Tex. App.] 221 S. W. 571; *Williamson & Co.* v. *Texas, etc.,* 106 Tex. 294; *Pitkin* v. *Rousseau, supra; Houston, etc.,* v. *Adams,* 49 Tex. 748.) Where the goods are lost while in the possession of the carrier, the statute would seem to run from the date of the loss. (*Finn* v. *Western R. R. Corp., supra.*) In the case under consideration it would seem that the cause of action arose on the date of the stranding of the steamer on which the goods were placed for shipment to the plaintiff, and the statute would begin to run from that date. As the pleadings fail to disclose the date of the stranding of the steamer, the court is unable to make a finding as to that date.

The motion to dismiss is denied, the objections are overruled, with leave to the defendant, within five days after service of order with notice of entry, to file and serve an amended answer.