ARISTO HOSIERY COMPANY, Plaintiff, *v.* ATLANTIC COAST LINE RAILROAD COMPANY, Defendant.

Municipal Court of New York, Borough of Manhattan, Ninth District,
April 15, 1927.

Carriers — limitation of actions — action for loss of merchandise aboard stranded steamship — contract was breached at expiration of reasonable time for delivery which was prior to March 1, 1920 — Transportation Act of 1920, effective March 1, 1920, requires all claims against carriers for losses under Federal control to be commenced within two years from passage of act — action commenced March 1, 1926, barred by said statute and by bill of lading — complaint dismissed.

The complaint in this action to recover for loss of merchandise by reason of the stranding of defendant's steamship must be dismissed on the merits, since it appears that the action, commenced March 1, 1926, was barred by the Statute of Limitations as contained in the Transportation Act of 1920, as well as by the provisions of the bill of lading.

Since the contract was breached at the expiration of a reasonable time for the delivery of the merchandise in New York city, which was February 6, 1920,

306 Aristo Hosiery Co. *v.* Atlantic Coast Line Railroad Co.

Municipal Court of New York, April, 1927. [Vol. 129

the Statute of Limitations will begin to run from on or about that date. Inasmuch as the Transportation Act of 1920 became effective March 1, 1920, under the two-year limitation contained therein, this action commenced March 1, 1926 will be barred, since it appears that it accrued prior to March 1, 1920.

Action by buyer against steamship company for loss of goods by reason of the stranding of defendant's ship.

*Henry A. Blumenthal,* for the plaintiff.

*Stewart & Shearer* [*James J. Mennis* of counsel], for the defendant.

Genung, J. Action is brought for loss of merchandise, alleged to have been shipped on January 23, 1920, from Scotland Neck, N. C., to the place of business of the plaintiff in the borough of Manhattan, city of New York, in the sum of $792.50. The plaintiff alleged that on July 15, 1920, the defendant notified the plaintiff that the said goods were destroyed or lost by reason of the stranding of a steamship upon which said goods had been placed for carriage to the plaintiff. The defendant filed a special notice of appearance and objection to the jurisdiction of the court over the subject-matter of the action and over the defendant. After a hearing, the motion to dismiss was denied and objections were overruled, with leave to the defendant to file and serve an amended answer disclosing the date of the stranding of the steamer, with an opinion. (*Aristo Hosiery Company* v. *Atlantic Coast Line,* 128 Misc. 238.)

After the filing and serving of an amended answer, alleging that the steamer *Princess Anne* stranded outside of New York harbor on February 6, 1920, the defendant again made a motion to dismiss the action and for judgment on the pleadings, on the grounds that the complaint failed to state a cause of action and that the action was barred by the Statute of Limitations, which motion was denied.

It is contended by the defendant that the plaintiff has failed to prove a cause of action against the defendant, Atlantic Coast Line Railroad Company; that the plaintiff has failed to institute its action within the time limit prescribed by the conditions of the bill of lading contract; and that the plaintiff has failed to institute its action within the time prescribed by section 206-a of the Transportation Act of 1920 (41 U. S. Stat. at Large, 461, chap. 91).

If the claim arose as the defendant contends, on or about February 6, 1920, at the time of the stranding of the steamship *Princess Anne,* it is conceded that the plaintiff would have no cause of action against the defendant, for the reason that at that time the railroads and the steamship line were under the control of the United States Railroad Administration and the Director-General of Railroads would have been the proper party defendant. Inas-

much as the Transportation Act of 1920 provided that actions arising during such control must be brought not later than two years from the date of the passage of said act, it is conceded, if the cause of action had accrued on February 6, 1920, the plaintiff would be barred from recovery under the provisions of said act. But it is claimed by the plaintiff that its cause of action did not accrue until July 15, 1920, when it was finally advised by the salvage agents of the defendant that the merchandise recovered by them was in an unidentifiable condition and that no delivery could be made and the shipment should be considered a total loss. However, this claim of the plaintiff cannot be accepted.

It has been held that the obligation of a carrier is to carry and deliver the goods within a reasonable time from the date of receipt and it is liable for failure to do so, irrespective of negligence on its part, unless the injury occurs from excepted reasons, such as acts of God, by legal seizure, by inherent nature of the goods themselves or by the negligence of the owners of them. (Williston Cont. § 1089.) It would seem that the breach of contract occurred upon the expiration of a reasonable time for delivery of the merchandise in New York and the Statute of Limitations would begin to run from that date. It appears that the merchandise was delivered to the carrier on January 23, 1920, at Scotland Neck, N. C.; that it was later placed on the steamship *Princess Anne* of the Old Dominion Line; that the steamship sailed on February 3, 1920, from Norfolk, Va., and that it stranded on February 6, 1920, outside of the harbor of New York. It would seem, therefore, that a reasonable time for the arrival of the merchandise and for delivery in New York, would be February 6, 1920, the date of arrival of the steamship at the harbor of New York, or a few days later, and at any rate a day prior to March 1, 1920, when the railroads were returned to their owners and when the Transportation Act of 1920 went into effect. It is contended by the defendant, however, that the stranding of the steamship *Princess Anne* and the destruction of the merchandise was an anticipatory breach of the contract of carriage, which entitled the plaintiff to commence an action at once and that the Statute of Limitations would begin to run from that date. This would have been so had the plaintiff immediately manifested its intention of abandoning the contract. (Williston Cont. § 2027.) If the defendant is correct in its contention, the plaintiff's ignorance of its rights at that time would not prevent the running of the Statute of Limitations. (Williston Cont. § 2020.) Assuming the merchandise was destroyed upon the stranding of the steamship, the plaintiff had an election to commence an action at once or to wait until a reasonable time had

elapsed for performance. The law is well settled that wherever the plaintiff has such a right of election and does not exercise it, his remedy for breach of contract will not be barred until the statutory period has run from the ultimate breach. (*Ga Nun* v. *Palmer*, 202 N. Y. 483; *Bonesteel* v. *Van Etten*, 20 Hun, 468; *Henry* v. *Rowell*, 31 Misc. 384; affd., 63 App. Div. 620.) However, the ultimate breach of the contract of carriage occurred prior to March 1, 1920, and the Statute of Limitations began to run prior to that date.

The bill of lading provided: " and suits for loss, damage or delay shall be instituted only within two years and one day after delivery of the property, or, in case of failure to make delivery, then within two years and one day after a reasonable time for delivery has elapsed."

The Transportation Act of 1920 (§ 206-a; 41 U. S. Stat. 461, chap. 91) provided: "Actions at law, suits in equity and proceedings in admiralty, based on causes of action arising out of the possession, use, or operation by the President of the railroad or system of transportation of any carrier (under the provisions of the Federal Control Act, or of the Act of August 29, 1916) of such character as prior to Federal control could have been brought against such carrier, may, after the termination of Federal control, be brought against an agent designated by the President for such purpose, which agent shall be designated by the President within thirty days after the passage of this Act. Such actions, suits, or proceedings may, within the periods of limitation now prescribed by State or Federal statutes but not later than two years from the date of the passage of this Act, be brought in any court which but for Federal control would have had jurisdiction of the cause of action had it arisen against such carrier."

Under both the bill of lading and the Transportation Act of 920, the cause of action, arising prior to March 1, 1920, and not commenced until March 1, 1926, was barred by the Statute of Limitations. (*The Princess Anne*, 5 F. [2d] 67; *Leigh Ellis & Company* v. *Davis*, 260 U. S. 682; *Missouri, Kansas & Texas Railway Co.* v. *Harriman*, 227 id. 657; *Adams Express Co.* v. *Croninger*, 226 id. 491; *Michigan Central Railroad Co.* v. *Vreeland*, 227 id. 59; *Burke* v. *Union Pacific R. R. Company*, 226 N. Y. 534; *Brewster* v. *Davis*, 207 App. Div. 461, 464; *Mozier* v. *Barrett*, 193 N. Y. Supp. 579; *Mallory* v. *Barrett*, 118 Misc. 749; *Jennings* v. *Barrett*, 194 N. Y. Supp. 679.)

It follows, therefore, that defendant is entitled to judgment dismissing the complaint on the merits.