Ex parte Kaufman, Tex.Cr.App., 323 S.W.2d 48, and cases there cited support these conclusions.

The testimony of the two witnesses that they could not testify that he was that Irving Jones is not deemed of probative value as evidence that he was not such person.

Appellant's motion for rehearing is overruled.

**L. J. LEAVERTON, dba Southwest Industrial Products Company, Appellant,**

**v.**

**SUNSET MOTOR LINES, Appellee.**

**No. 6850.**

Court of Civil Appeals of Texas.

Amarillo.

March 9, 1959.

McWhorter, Cobb & Johnson, Lubbock, for appellant.

Carr & Clark, Lubbock, for appellee.

PITTS, Chief Justice.

This appeal is from a judgment awarding appellee, Sunset Motor Lines, $1,091.89

against appellant, L. J. Leaverton, dba Southwest Industrial Products Company, upon a check of date October 29, 1951, given by appellant to appellee as a delivering carrier for goods moving upon shipping memoranda, based on order of bill of lading, and the said goods having been duly delivered to appellant. It was agreed between the parties that the said check when given would be surrendered to appellant when he tendered to appellee the original bill of lading for the goods. Appellant never at any time tendered the original bill of lading to appellee and thereafter appellee sought unsuccessfully to cash the check which was made out for the sum of $2,000 but appellee, having had to account to Yardley Plastic Company of Columbus, Ohio, appellant's consignor, as the shipper of the goods, and interconnecting carriers for only the sum of $1,091.89, such amount is all appellee sued appellant for on the said check.

The case was tried to the court without a jury as a result of which judgment was rendered for appellee in the sum previously shown from which judgment appellant perfected an appeal and the same has been presented here upon the briefs without oral argument. Appellant has presented only one point charging error was committed by the trial court in holding that appellee's claim was not barred by the two-year statute of limitation.

The record reveals that the check was dated and given on October 29, 1951, and that appellee filed its suit within four years thereafter on January 4, 1955, alleging the execution and delivery of the check for the shipment of the goods upon appellant's representation that he would soon thereafter present to appellee the original bill of lading in exchange for a return of the check; that appellee would not have delivered the goods to appellant except for the check and for his faith in the representation of appellant but appellant's failure to perform in compliance with the representation and promise previously made caused appellee to become liable to appellee's consignor, Yardley Plastic Company, and the interconnecting carriers, in the sum of $1,091.89, for which sum demand for payment had been unsuccessfully made and suit finally filed because allegedly appellant breached his contract with appellee. Appellant answered joining issues with appellee and by pleading the statute of limitation.

The evidence consists of the oral testimony of R. A. Pendergrass, terminal manager at Lubbock for appellee, and certain documentary evidence including the original check and other original exhibits, all of which had a tendency to support the transactions alleged.

According to the record, no findings of fact or conclusions of law were requested or filed by the trial court, making it necessary for us to assume that the trial court found every disputed fact in support of its judgment and requiring us to affirm the trial court's judgment if there be evidence to support it upon any reasonable theory authorized by law. Construction & General Labor Union, Local No. 688 v. Stephenson, 148 Tex. 434, 225 S.W. 2d 958; Connor v. City of University Park, Tex.Civ.App., 142 S.W.2d 706 (writ refused). As a result of the record presented here appellant contends that the claim of appellee was barred by the two-year statute of limitation while appellee contends that the check and bill of lading compose a written contract bringing it within the four-year statute of limitation.

The uncontroverted evidence reveals that the goods in question were shipped upon a bill of lading. In the case of Texarkana & Ft. S. Ry. Co. v. Houston Gas & Fuel Co., 121 Tex. 594, 51 S.W.2d 284, 285, the court said in part:

"We think it is the settled law of this state that a bill of lading is a written contract."

In the case of Texas & P. Ry. Co. v. R. W. Williamson & Co., Tex.Civ.App., 187 S.W. 354, 355, affirmed Tex.Com.App., 221 S.W. 571, the court said in part:

"It is settled that in an action to recover for the breach of a bill of lading the statute of four years applies, and not that of two years."

The same rule applies in the cases of Elder, Dempster & Co. v. St. Louis Southwestern Ry. Co. of Texas, 105 Tex. 628, 154 S.W. 975; Davies v. Texas Cent. R. Co., 62 Tex. Civ.App. 599, 133 S.W. 295; Missouri, K. & T. Ry. Co. v. Hunter, Tex.Civ.App., 216 S.W. 1107.

 According to the record the check in question was given by appellant to appellee to indemnify appellee for the cost of the goods delivered to appellant until the bill of lading was procured by appellant and delivered to appellee and if the bill of lading was not delivered to appellee it would have the right to cash the check in question. Appellant failed to deliver the bill of lading to appellee in return for the check as a result of which appellee sought thereafter to cash the check but found that appellant had changed banks and the bank upon which the check was drawn refused to honor it because appellant's account there had been closed. The indebtedness of appellant to appellee was represented by the written check upon which this suit was founded. The said check created the obligation in writing upon which this suit is based because the goods would not have been delivered to appellant without the delivery of the written check, thus, according to the authorities herein cited, appellee's claim has been brought within the provisions of the four-year statute of limitation as found in Article 5527, V.A.C.S.; Woods-Taylor & Co. v. Smith, Tex.Civ.App., 288 S.W. 1090; Hester & Wise v. Chinn, Tex.Civ.App., 162 S.W.2d 450; International Printing Pressmen & Assistants' Union of North America v. Smith, 145 Tex. 399, 198 S.W. 2d 729, 736. In the last case cited the court said in part:

"However, it is not indispensable that the written instrument relied upon contain an express promise to do the things for the nonperformance of which the action is brought. It is sufficient if the obligation or liability grows out of a written instrument, not remotely but immediately, or if the written instrument acknowledges a state of facts from which, by fair implication, the obligation or liability arises. And while parol evidence is not admissible to establish the promise, it is admissible to show performance on the part of the plaintiff and a breach on the part of the defendant."

For the reasons stated and under the record presented and authorities cited appellant's point of error is overruled and the judgment of the trial court is affirmed.