F. W. Beissner, Administrator, v. Weekes, McCarthy & Co.

Decided March 1, 1899.

**1. Pleading on Promissory Note.**

In an action upon a promissory note against the maker and an original indorser, plaintiff's right to recover can not be defeated on the ground of inconsistency in his pleading because he alleged that the maker gave the indorser a chattel mortgage to secure him, and also that the maker was insolvent when the note was executed.

**2. Promissory Note—Indorser—Protest.**

One not the payee of the note, who signs his name on the back thereof at the time of its execution, without any words to express the nature of his obligation, is liable as an original promisor, and not as an indorser merely, and it is not necessary in order to hold him to protest the note or bring suit upon it at the first term of court after its maturity.

**3. Same—Presentment to Administrator.**

Plaintiff in an action upon a note commenced in the lifetime of a surety is not required to allege presentment to or rejection of the note, as a claim against the estate of the surety after his death pending the action.

Appeal from the County Court of Galveston. Tried below before Hon. M. M. Mann.

*Jas. B. & Chas. J. Stubbs,* for plaintiffs in error.

*Labatt & Labatt,* for defendants in error.

NEILL, Associate Justice.—This suit was originally instituted on September 9, 1896, by defendants in error against Paul Gruetzmacher and Wm. H. Sinclair upon a promissory note, described in the petition as follows:

"$500.                                "Galveston, Texas, Jan. 2, 1895.

"Ninety days after date for value received I promise to pay to myself or order five hundred dollars at bank of Weekes, McCarthy & Co., Galveston, Texas, to bear interest at the rate of 8 per cent per annum from date until paid, and further hereby agree that if this note is not paid when due to pay all costs necessary for collection, including 10 per cent attorney's fees.

(Signed)   "Paul Gruetzmacher."
[Indorsed on back thereof] : "Paul Gruetzmacher, Wm. H. Sinclair."

It was alleged in the original petition that the note was for value indorsed by Gruetzmacher and W. H. Sinclair as a surety, and delivered to defendants in error before maturity.

On December 21, 1896, Gruetzmacher and Sinclair filed their original answers in the case. On January 19, 1897, the death of Wm. H. Sinclair was suggested, and on March 19, 1897, the plaintiff in error, F. W. Beissner, as the administrator of the estate of Wm. H. Sinclair, was made a party defendant. On June 2, 1897, defendants in error filed their first

amended original petition against Gruetzmacher and F. W. Beissner as administrator of the estate of Wm. H. Sinclair, in which, after the ordinary averments in a petition upon a promissory note, it was alleged that the note was for value indorsed by the maker and Sinclair at its inception, and delivered to defendants in error before maturity by the maker. That Gruetzmacher was insolvent when the note was made, and Sinclair was cognizant of his insolvency and inability to pay the note when due; and that to secure the holder of the note, as well as himself as indorser, Sinclair demanded and received from Gruetzmacher a mortgage upon certain chattels; that Gruetzmacher failed to pay the note when due, whereupon it was presented for payment to said Sinclair, the maker of the note being insolvent, and that Sinclair thereupon promised to arrange for the payment of the note, if defendants in error would indulge him for a time.

On June 3, 1897, plaintiff in error filed the following exceptions to defendants in error's first amended original petition, viz:

"Now comes defendant F. W. Beissner, administrator of the estate of Wm. H. Sinclair, deceased, and demurs and excepts to plaintiffs' petition, and says that the same is insufficient in law, and he specially excepts thereto because it appears that said Sinclair was an indorser, but does not show protest and notice, or waiver thereof, nor suit as the statute required in order to fix the liability of said Sinclair or of his estate, or of this defendant, nor presentment to and rejection by this administrator; and defendant excepts to all averments regarding the chattel mortgage as stating no cause of action, and he prays judgment dismissing said cause as to him upon above grounds, and upon the further ground that the alleged subsequent promise is unsupported by any consideration, and none is stated."

The exceptions were overruled, and the case was tried upon its merits before a jury, and judgment rendered upon their verdict for $677.19 in favor of defendants in error against Paul Gruetzmacher and F. W. Beissner, as administrator of W. H. Sinclair, deceased. From which judgment this writ of error is prosecuted.

*Opinion.*—There is no statement of facts in the record, and the assignments of error are directed to the action of the court in overruling plaintiff in error's exceptions to the first amended original petition.

1. If it should be held that the allegation that Gruetzmacher gave Sinclair a chattel mortgage to secure him as the holder of the note is inconsistent with the averment that Gruetzmacher was insolvent at the time the note was executed, we can not see how it could affect the merits of the case. If the allegations in the petition are true, plaintiff in error's intestate would be liable upon the note, regardless of whether Gruetzmacher was insolvent or not.

2. It was alleged in the petition that Wm. H. Sinclair signed his name on the back of the note at the time of its inception. In this State the rule is, that "where a person not the payee of a note signs his name on the

back of it at the time of its inception, without any words to express the nature of his undertaking, he is liable as an original promissor or surety, and not as an indorser merely." Carr v. Rowland, 14 Texas, 275. This rule is supported by many authorities from other States. Dan. on Neg. Inst., 4 ed., sec. 713a, and note 3. Therefore it was not necessary to protest the note or bring suit upon it at the first term of court after its maturity in order to fix the liability on Sinclair.

3. As the suit had been brought and issue joined during the lifetime of Wm. H. Sinclair, defendant in error was not required to allege presentment to or rejection of the note as a claim against Sinclair's estate to the administrator. Rev. Stats., art. 1248.

4. The plaintiff in error's intestate was liable primarily on the note, and it is immaterial whether he promised to pay it after its maturity or not.

There is no error in the judgment from which this writ of error is sued out, and it is affirmed.

*Affirmed.*