ANDRUS v. BRADLEY.

(Circuit Court, E. D. Pennsylvania.  May 31, 1900.)

1. BILLS AND NOTES—RIGHTS OF HOLDER OF CHECK—DELAY IN PRESENTATION.
    A bona fide holder of a check is under no obligation to the drawer to present it for payment within a reasonable time, and is not prejudiced by delay in doing so, except where the fund has been lost by failure of the bank.

2. ESTOPPEL—NEGLIGENCE WHICH ENABLES ANOTHER TO COMMIT A FRAUD.
    Defendant gave a check, which the payee transferred to plaintiff, who took the same in good faith and for full value, but at the request of the payee did not at once present it for payment.  Subsequently defendant had a settlement with the payee, and, accepting his statement that the check had been lost, and his agreement that it would not be presented, again paid him the amount, and notified the bank not to pay the check, if presented.  Several months afterwards the check was presented, and solely on account of such notification was refused payment.  *Held,* that defendant was estopped to deny the validity of the check as against the plaintiff, having by his negligence placed it within the power of the payee to commit the fraud, by which one of two innocent parties must suffer loss.

3. INTEREST—ACTION ON DISHONORED CHECK.
    In an action against the drawer on a dishonored check, the defendant is liable for interest only from the time when the check was presented for payment.

At Law.  Action on a check drawn by defendant.  On motion of defendant for a new trial and for judgment non obstante veredicto.

Henry P. Brown, for plaintiff.

Andrew J. Maloney, for defendant.

DALLAS, Circuit Judge.  There is no dispute as to the facts of this case.  The defendant, Thomas Bradley, on February 18, 1897, gave to one Francis C. Grable a check for $12,500 on the Security Trust Company of Philadelphia.  Two or three weeks afterwards, when the bank book of Bradley was settled, he found that the check had not been presented for payment.  He thereupon made inquiry of Grable, and was told by him that it was still in his possession, and that he would return it.  On April 15, 1897, Bradley and Grable had a general settlement, and it then appeared that Bradley owed Grable $19,416.67.  In this last-mentioned amount, however, there was included the sum of $12,500, for which Bradley's check of February 18, 1897, had been given.  At this settlement Bradley was told by Grable that he had lost or mislaid that check, and that he would look for it, and, if found, return it.  In addition to this oral assurance, Grable gave to Bradley a statement in writing as follows:

"Philadelphia, April 15, 1897.

"I have in my possession check No. 1553, drawn on the Security Trust and Life Insurance Company, dated February 18, 1897, for twelve thousand five hundred dollars, drawn to my order and signed by Thomas Bradley, which I am to return to Mr. Bradley, as settlement has been made, and it will not be presented for payment.                                    Francis C. Grable.

"Witness:  E. I. P. Grubb."

Relying upon this statement, Bradley paid Grable the full amount of $19,614.67, instead of only $6,916.67, which latter was the true

amount due by Bradley to Grable, and the only amount which would have been paid if it had been known by Bradley that his check of February 18, 1897, was then outstanding, as presently to be stated. Subsequently, on October 20, 1897, Bradley gave notice to the Security Trust Company not to pay the check, and when it was thereafter presented, as will presently be mentioned, the trust company, in obedience to that notice, refused payment, and the check was protested. The statements made by Grable to Bradley were false and fraudulent. The fact is that Grable had passed the check to John E. Andrus, the plaintiff in this case, upon the day after he (Grable) had obtained it from Bradley. Andrus had no knowledge of any fraud or contemplated fraud on the part of Grable, but took the check innocently, and gave cash for it to the amount of its full face value. At Grable's request, Andrus held the check, instead of presenting it, but subsequently passed it to one William J. Arkell for certain stocks or bonds, and Arkell, in January, 1898, presented it for payment, which, as has been stated, was refused. Arkell thereupon brought suit upon it; but that suit was discontinued, the check was returned to Andrus, and this present action instituted.

It is unfortunately manifest that one or the other of two innocent parties—the plaintiff or the defendant—must suffer a loss in this case. Upon which of them must it fall? The correct answer to this question depends, I think, upon the proper application to the undisputed facts of the principle of estoppel in pais which was discussed by the circuit court of appeals for this circuit, at its present term, in the case of Bradford v. Insurance Co., 102 Fed. 48.

" 'When any person, under a legal duty to any other person to conduct himself with reasonable caution in the transaction of any business, neglects that duty, and when the person to whom the duty is owing alters his position for the worse because he is misled as to the conduct of the negligent person by a fraud of which such neglect is in the natural course of things the proximate cause, the negligent person is not permitted to deny that he acted in the manner in which the other person was led by such fraud to believe him to act.' * * * The vital principle of the doctrine is that 'he who, by his language or conduct, leads another to do what he would not otherwise have done, shall not subject such person to loss or injury by disappointing the expectations upon which he acted.' Dickerson v. Colgrove, 100 U. S. 580, 25 L. Ed. 618."

Assuming, what was without doubt the fact, that both parties were innocent of any intentional fault, what unintentional failure in duty caused the loss? Because, unless in this particular transaction, with reference to this defendant, the plaintiff either did something he ought not to have done or did not do something he should have done, there was no neglect. Now, it may be—I think it must be—conceded that the plaintiff's retention of this check for about 11 months without presenting it would have been at his own risk if the institution upon which it was drawn had failed in the meantime. But the authorities which determine this are inapplicable to the present case. The banker upon whom this check was drawn was solvent when it was presented. But for the defendant's notice, it certainly would have been paid, and the giving of that notice, as against a bona fide holder for value, was not warranted. Such a holder is under no obliga-

tion to the drawer to present a check within a reasonable time, and is not prejudiced by delay in doing so, except where the fund has been lost by failure of the bank. Flemming v. Denny, 2 Phila. 111; Merchants' Nat. Bank v. State Nat. Bank, 10 Wall. 647, 19 L. Ed. 1008; Bull v. Bank, 123 U. S. 105, 8 Sup. Ct. 62, 31 L. Ed. 97.

As I view the case, the defendant, by giving the check in question to Grable, not only reposed confidence in him, but actually put it in his power to accomplish the fraud which he perpetrated; and in afterwards settling with Grable as he did, the defendant relied, not, as in Dickerson v. Colgrove, supra, upon any statement of the plaintiff, for he made none, but upon that of Grable alone. In my opinion, the consequence of this misplaced confidence must be borne by the party from whom it proceeded. Bradley, through his settlement with Grable, voluntarily paid the check in question without requiring its production; and this he was not led to do by any breach of duty which was legally owing to him by the plaintiff, but by his own too ready acceptance of Grable's assurances.

Upon the trial of the case, the following stipulation was noted:

"It is agreed by counsel in open court that a verdict shall be taken for the plaintiff for the sum of $14,845.81, it being understood and agreed between them that the case shall be placed upon the proper list for argument upon the question reserved as to whether the defense which has been set up and shown by evidence is a valid defense. If the court shall be of opinion that it is a valid defense, judgment to be entered for the defendant notwithstanding the verdict; otherwise, judgment for plaintiff upon the verdict as rendered. The verdict is to be taken with interest from ———, amounting to $———, subject to the power of the court, upon the argument hereafter to take place, to reduce the verdict by the amount of interest so included, if in the judgment of the court the interest should not have been made a part of the verdict."

The defendant has now moved for a new trial, and also for judgment in his favor upon the point reserved non obstante veredicto. Both of these motions must be denied, but the amount of the verdict must be reduced. As rendered, it includes interest from the date of the check. To this, in my opinion, the plaintiff is not entitled, although I think he should be allowed interest from the date of presentation, namely, from January 27, 1898. With this correction, the amount recoverable is, not $14,845.81, but $14,139.56; and accordingly it is now ordered that judgment be entered for the plaintiff in the sum of $14,139.56, and the defendant's motions for new trial and for judgment non obstante veredicto are denied.