Larceny ⪴46—Testimony of owner as to value of stolen property, without proof of market value or that there was no market, held incompetent.

In prosecution for theft, owner's testimony as to value of property alleged to have been stolen *held* incompetent, when not shown to be market value or proving that there was no market value therefor.

Appeal from District Court, Stephens County; C. O. Hamlin, Judge.

J. U. Williams was convicted of theft, and he appeals. Reversed and remanded.

Kirby, King & Overshiner, of Abilene, and L. H. Welch and Benson & Dean, all of Breckenridge, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

LATTIMORE, J. Conviction in district court of Stephens county of felony theft; punishment, five years in the penitentiary.

Appellant was charged with the theft of a lot of household goods belonging to Mr. and Mrs. Peeks. They lived in Breckenridge, Tex., and about the 15th of June, 1925, locked up their house and went to the oil fields. Upon their return some weeks later they claim that their house had been broken and entered and a stove, a bedstead and springs, a mattress, a mirror, a trunk and contents, along with some other articles, had disappeared. The proof seems to connect appellant with the stove, the bedstead and springs, the trunk, and mattress. Appellant claimed to have been given the stove by some people whose furniture he hauled in June of said year.

There is a bill of exceptions to the testimony of Peeks as to the values of the property. If same was in proper shape for consideration, it would manifest error; Peeks wholly failing to disclose any knowledge on his part of the market value of the property, and failing to show sufficiently that there was no market value for same. There is a sufficient bill complaining of the testimony of Mrs. Peeks in this same regard. She was permitted to testify to how much certain of the property would be worth to her and what it would cost her to buy it, over the objection that she had not stated that this was the market value and had not shown that there was no market value. Two of the witnesses for the state testified that there were second-hand furniture stores in Breckenridge, and it is quite evident that there was a market value for such property in said city. In cases such as this, the rule is well settled that, before parties would be permitted to put any other valuation upon the alleged stolen property, it would have to be shown that there was no market value provable.

Mr. and Mrs. Peeks placed quite a high valuation upon the property, saying that the old trunk, which was part of the property taken, was worth $10; another witness said it was valueless. Mr. Peeks valued the bedstead at $15 and the springs at $5; another witness said he bought said bedstead and springs at $6 and gave for them all they were worth.

In addition to the error in the admission of the above testimony, we are in very serious doubt as to the sufficiency of the testimony to show that the property taken was of the value of as much as $50. We have no doubt of the fact that it was not shown to be of such value by competent testimony.

For the error mentioned, the judgment will be reversed, and the cause remanded.

## WOODS–TAYLOR & CO. v. SMITH et al. (No. 1387.)

(Court of Civil Appeals of Texas. Beaumont. Nov. 26, 1926. Rehearing Denied Dec. 8, 1926.)

1. Principal and agent ⪴109(2)—Where agent, acting within apparent scope of authority, executed and delivered check, principal was primarily liable for payment of check.

Where agent, acting within apparent scope of his authority, executed check and delivered it to payee, principal was primarily liable for payment of check.

2. Bills and notes ⪴408—Limitation of actions ⪴25(3)—Liability of drawer for payment of check is not barred by failure to protest, but only by four-year statute of limitations.

Where agent made check within apparent scope of his authority, principal, being primarily liable, was not relieved from liability for payment of check by failure of holder to protest check or to file suit thereon at next or any succeeding term of court short of statutory limitation of four years.

3. Bills and notes ⪴387—Negotiable Instruments Act held inapplicable to check executed before act became effective (Acts 36th Leg. [1919], c. 123).

Negotiable Instruments Act, which became effective in June, 1919 (Acts 36th Leg. c. 123) *held* inapplicable to check executed March 19, 1919.

4. Appeal and error ⪴747(2)—In absence of cross-assignments, rights of appellee had to be determined by trial court's conclusions of fact.

Where appellee stated no cross-assignments of error on question of whether conclusion was against weight of evidence and on question of

⪴For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

overruling plea of privilege, his rights had to be determined on trial court's conclusions of fact.

Appeal from Nacogdoches County Court; A. L. Russell, Judge.

Suit by Woods-Taylor & Co. against Allen Smith and others. From a judgment for defendants, plaintiff appeals. Reversed and rendered.

Mantooth & Denman, of Lufkin, for appellant.

S. M. Adams, of Nacogdoches, for appellees.

WALKER, J. This suit was filed on the 20th day of November, 1919, in the county court of Nacogdoches county by appellant, Woods-Taylor & Company, against Allen Smith, R. A. Barker, and J. M. Miller, on a check in the sum of $379.50, drawn by Allen Smith by R. A. Barker in favor of J. N. Miller·upon the First National Bank of Bryan, Tex., and by Miller indorsed and delivered to appellant, on allegations of value received, and that Barker was acting within the scope of his apparent authority in making the check. Upon a trial before the court without a jury, on its conclusions of law and fact duly filed, the court found that Barker, in making the check, was acting within the apparent scope of his authority; that the check was duly presented by appellant for payment; that payment was refused; that the check was not protested; that it had never been paid; and that "there were four terms of the county court of Nacogdoches county each year, lasting each three weeks, said terms beginning on the third Mondays in January, April, July, and November of each year; that said county court regularly convened in April, 1919, and continued three weeks, and also in July and November."

Before judgment was entered, appellant dismissed as to Barker on allegation of his insolvency; and on the court's conclusions of fact judgment was entered in favor of defendant Miller on his answer that the check had not been protested, and that suit had not been filed within the statutory time, and that no facts had been pleaded or proven by the appellant excusing the delay in filing the suit; and judgment was entered in favor of Allen Smith against appellant on the following conclusions of law:

"(1) That, in the purchase of the cattle from Miller, and in the issuance of the check for $379.50, R. A. Barker was acting in the apparent scope of the authority which Allen Smith had permitted and led the public to believe he had as his agent to purchase cattle and issue checks on him and pay therefor and to sign his name to such checks.

"(2) And further it devolved upon plaintiff to show before that suit was instituted before the first term of the county court after the right of action accrued, or before the second term of the

county court after the right of action accrued, by showing good cause why suit was not instituted before the first term after the right of action accrued.

"(3) Suit was not filed until November 20, 1919, after accrual of plaintiff's cause of action. It is not entitled to recover against the defendant Allen Smith."

[1-3] On the court's conclusions of fact judgment should have been rendered by it in favor of appellant, Woods-Taylor & Co., against defendant Allen Smith. The finding that Barker was acting within the apparent scope of his authority when he executed the check and delivered it to Miller made Smith primarily liable for the payment of the check. Gulf, C. & S. F. R. Co. v. Hume Bros., 87 Tex. 211, 27 S. W. 110; ·San Angelo Water, Light & Power Co. v. Baugh (Tex. Civ. App.) 270 S. W. 1101. Being primarily liable, as the original promisor, for the payment of the check, Allen Smith was not relieved from that liability by the failure of appellant to protest the check or to file suit thereon at the next or any succeeding term of the county court short of the bar by statutory limitation. The original promisor, or the· person primarily liable on a check, is responsible to the holder of such check until barred by the four years' statute of limitation, and neither suit nor protest is required to fix the liability of such party. Elliott v. Wiggins, 16 Tex. 596; Wood v. McMeans, 23 Tex. 481; Thatcher v. Mills, 14 Tex. 14, 65 Am. Dec. 95; Beissner v. Weekes, 21 Tex. Civ. App. 14, 50 S. W. 138; Weiand's ·Adm'r v. State National Bank, 112 Ky. 310, 65 S. W. 617, 66 S. W. 26, 23 Ky. Law Rep. 1517, 56 L. R. A. 178; Haynes v. Wesley, 112 Ga. 668, 37 ·S. E. 990, 81 Am. St. Rep. 72; Rosenbaum v. Hazard, 233 Pa. 206, 82 A. 92, 38 L. R. A. (N. S.) 255, Ann. Cas. 1913A, 1291; Bradley v. Andrus (C. C. A.) 107 F. 196, 53 L. R. A. 432; Colwell v. Colwell, 92 Or. 103, 179 P. 916, 4 A. L. R. 876; Bull v. First National Bank, 123 U. S. 105, 8 S. Ct. 62, 31 L. Ed. 97; Daniel on Negotiable Instruments (4th Ed.) § 1587. This suit is not controlled by our act on negotiable instruments of 1919 (Acts 36th Leg. c. 123), for the reason that this act did not become effective until June, 1919, after the execution of the check on March 19, 1919. Spurgin v. Denton National Bank (Tex. Civ. App.) 235 S. W. 970.

[4] Appellee Allen Smith, on oral argument, undertook to review the evidence, and show us that the court's conclusion that Barker was acting within the scope of his apparent authority was against the overwhelming weight and preponderance of the evidence, but he stated to us that he had no cross-assignment attacking that conclusion. By his argument, Smith also seeks to evade liability on the ground that the court erred in overruling· his plea of privilege. This proposition was decided against him by

this court in Smith v. Woods-Taylor & Co. (Tex. Civ. App.) 235 S. W. 720. However, even on this point he had no cross-assignment of error. In the absence of cross-assignments, the rights of appellee Smith must be determined upon the trial court's conclusions of fact. On these facts judgment should have been in favor of appellant, Woods-Taylor & Co., for the amount sued for.

It is, therefore, our order that the judgment of 'the trial court be reversed, and judgment here rendered in favor of appellant, Woods-Taylor & Co., against appellee Allen Smith for the amount sued for.