**E. J. ETTL, M.D., Appellant,**

v.

**John ROWE, Appellee.**

**No. 6118.**

Court of Civil Appeals of Texas,
El Paso.

Dec. 9, 1970.

Glenn E. Woodard, El Paso, for appellant.

Yetter, Johnson & Allen, Richard Yetter, James T. Allen and Carl T. Johnson, El Paso, for appellee.

OPINION

PRESLAR, Justice.

Appellee, John Rowe, as holder, sued appellant on a check drawn by appellant on which payment had been stopped. Judgment was for the plaintiff following a directed verdict. Questions presented on appeal are whether the two-year or four-year statute of limitations applies, and computa-

tion of the limitation period if the four-year statute applies.

The check was dated December 8, 1962; payment was refused on December 18, 1962; and suit was commenced on December 12, 1966.

Article 5527, Vernon's Ann.Civ.St., provides for a four-year statute of limitations on "actions for debt where the indebtedness is evidenced by [or founded upon] any contract in writing." Article 5526, V. A.C.S., applies to actions, among others, for debt where the indebtedness is not evidenced by a contract in writing.

To support his contention that a check is not a contract in writing within the contemplation of Article 5527, appellant cites the case of Jenkins v. Kimbro, Tex.Civ. App., 380 S.W.2d 189, writ dismissed. This was a suit for alleged fraud in the sale of a stallion, and the holding was that such *action for alleged fraud* was governed by the two-year statute of limitations, rather than the four-year statute. A check was involved in that the plaintiff had attached his canceled check to his petition and alleged a written contract and bill of sale, but failed to produce a bill of sale or contract on trial. The court stated in its opinion:

"* * * This check is not a contract in writing within the contemplation of Article 5527 but is merely a bill of exchange drawn on a bank, payable on demand. Negotiable Instruments Act, Art. 5947, Sec. 185, V.C.S. In any event, it is well settled that the two year statute is applicable to a suit for damages arising from a written contract induced by fraud * * *"

We regard the statement that the check is not a contract in writing within the meaning of Article 5527 as dicta, and, in any event, not the law of Texas. Appellee cites no case in point, and our research has found only one Texas case passing on the exact question presented here—the applicability of the four-year statute to a suit based on the check alone, a payee or holder against the maker on a dishonored check. Woods-Taylor & Co. v. Smith, 288 S.W. 1090 (n. w. h.) was a suit like the situation before us in that the suit was brought by the holder of a check, one to whom the payee had endorsed it, against the maker. In holding the four-year statute of limitations applicable, the court said:

"* * * The original promisor, or the person primarily liable on a check, is responsible to the holder of such check until barred by the four years' statute of limitation, and neither suit nor protest is required to fix the liability of such party. Elliott v. Wiggins, 16 Tex. 596; Wood v. McMeans, 23 Tex. 481; Thatcher v. Mills, 14 Tex. [13] 14, 65 Am.Dec. 95; Beissner v. Weekes, 21 Tex.Civ.App. 14, 50 S.W. 138; Weiand's Adm'r v. State National Bank, 112 Ky. 310, 65 S. W. 617, 66 S.W. 26, 23 Ky.Law Rep. 1517, 56 L.R.A. 178; Haynes v. Wesley, 112 Ga. 668, 37 S.E. 990, 81 Am.St.Rep. 72; Rosenbaum v. Hazard, 233 Pa. 206, 82 A. 92, 38 L.R.A.,N.S., 255, Ann.Cas. 1913A, 1291; Bradley v. Andrus, C.C.A., 107 F. 196, 53 L.R.A. 432; Colwell v. Colwell, 92 Or. 103, 179 P. 916, 4 A.L.R. 876; Bull v. First National Bank, 123 U.S. 105, 8 S.Ct. 62, 31 L.Ed. 97; Daniel on Negotiable Instruments (4th Ed.) § 1587 * * *"

This case was decided in 1926, has no writ history, but is sound law in principle and has been followed by other cases where the facts were similar. It also places Texas in line with other jurisdictions according to an annotation in 139 A.L.R. 1280, statute of limitations applicable to action on check, which states:

"In those jurisdictions wherein the statute of limitations respecting actions upon written instruments or contracts differs from the statute establishing the

**388**

period of limitations for actions upon unwritten contracts, it is held without exception that an action upon a check against the drawer thereof is governed by the statute respecting actions upon written contracts or instruments."

Later Texas cases holding the four-year statute applicable to checks are Hester & Wise v. Chinn, Tex.Civ.App., 162 S.W.2d 450 (n. w. h.), in which the check had the word "loan" written on it; Leaverton v. Sunset Motor Lines, Tex.Civ.App., 322 S.W.2d 295 (n. w. h.), where the check was given to the maker until a bill of lading was procured and delivered to the payee, which was never done, and the check was not honored upon negotiation; Naylor v. Gutteridge, Tex.Civ.App., 430 S.W.2d 726 (ref. n. r. e.), where the check was given in request for a loan. International Printing Pressmen and Ass'ts Un. of North America v. Smith, 145 Tex. 399, 198 S.W. 2d 729 (1946) is a contracts case not involving a check, but the Supreme Court there sets forth rules for determining the applicability of the two-year and four-year statutes of limitations, and we are of the opinion that under such rules, the case at bar would be governed by the four-year statute.

 We hold that the four-year statute of limitations, Article 5527, applies, and that the case was timely commenced under that statute. The action was commenced four years after the date of the check, but within four years of the date payment was refused. Until payment was refused, the plaintiff had no cause of action; hence, the statute did not commence to run until such date. The statute of limitations does not begin to run until right or cause of action accrues. Art. 5529, V.A.C.S.; Dunn v. Reliance Life & Accident Insurance Company, Tex.Civ.App., 405 S.W.2d 389 (ref. n. r. e.).

The judgment of the trial court is affirmed.