**FIRST STATE BANK OF GREEN'S BAYOU, Appellant,**

v.

**Fred M. TANNER et ux., Appellees.**

No. 16057.

Court of Civil Appeals of Texas, Houston (1st Dist.).

May 3, 1973.

Rehearing Denied May 31, 1973.

Strickland & Gordon, Irving C. Stern, Houston, for appellant.

Bailey, Blum & Lipper, Joseph Lipper, Houston, for appellees.

PEDEN, Justice.

Plaintiff, referred to herein as the Bank, appeals from the granting of defendants'

motion for an instructed verdict based on the two year statute of limitations in a suit brought to recover proceeds of a check credited to account of depositor but later dishonored. The amended pleading on which the Bank went to trial was filed nearly seven years after occurrence of the matter of which it complains, but its original pleading was filed two years and ten months after the occurrence in question.

Appellant contends it is entitled to prevail under these provisions of Article 5539b, Vernon's Ann.Texas Civil Statutes:

"Whenever any pleading is filed by any party to a suit . . . and at the time of filing such pleading such cause of action . . . is not subject to a plea of limitation, no subsequent amendment or supplement changing any of the facts or grounds of liability . . . shall be subject to a plea of limitation, provided such amendment or supplement is not wholly based upon and grows out of a new, distinct or different transaction and occurrence. . . ."

We first decide whether the Bank's original petition was subject to the two-year statute of limitations, Art. 5526, or the four-year statute, Art. 5527.

The material allegations of the Bank's original petition were:

" . . . That on or prior to April 24, 1965, Defendants had an account with Plaintiff bank and made deposits of money in Plaintiff bank, which Plaintiff bank held subject to Defendants' written order for payment.

"That on or about April 24, 1965, Defendants presented to Plaintiff bank their written orders to pay to them, jointly and severally, and to other parties, the sum of $5,185.15; that on said date, the amount held by Plaintiff for Defendants on deposit as aforesaid, was the sum of $687.15, but that Plaintiff believed that said amount was $5,185.15 or more by virtue of a deposit previously

made by Fred M. Tanner, and by mistake paid to Defendant the said sum of $5,185.15, upon their aforesaid orders.

"That on or about April 27, 1965, Plaintiff informed Defendants of the aforesaid error, and overpayment, and demanded repayment of said sum of $4,498.00, but no part thereof has been repaid . . . ." The prayer for relief follows.

■ We consider that the allegation that the payment was mistakenly made to the Tanners on their written orders, not specially excepted to, was suffficient to authorize the admission in evidence of proof that the Tanners' written orders were in the form of a check or other writing such that it could not be held as a matter of law that the cause of action was barred by the two-year statute of limitations. Art. 5527 provides a four-year limitation on the commencement and prosecution of "actions for debt where the indebtedness is evidenced by or founded upon any contract in writing."

■ A strict construction should not be applied by the courts in determining what does and what does not constitute a "contract in writing" within the meaning of Art. 5527. Jackson v. Paulsel Lumber Co., 461 S.W.2d 161 (Tex.Civ.App.1970, writ ref. n. r. e.). It is not indispensable that the written instrument relied upon contain an express promise to do the things for the nonperformance of which the action is brought. It is sufficient if the obligation or liability grows out of a written instrument, not remotely but immediately, or if the written instrument acknowledges a state of facts from which, by fair implication, the obligation or liability arises. International Printing Pressmen and Assistants' Union of North America v. Smith, 145 Tex. 399, 198 S.W.2d 729 (1946).

"In those jurisdictions wherein the statute of limitations respecting actions upon written instruments or contracts differs from the statute establishing the

period of limitations for actions upon unwritten contracts, it is held without exception that an action upon a check against the drawer thereof is governed by the statute respecting actions upon written contracts or instruments." 139 A.L.R. 1281.

In a suit brought by the holder of a check against the maker, it was recently held that the four-year statute is applicable. Ettl v. Rowe, 462 S.W.2d 386 (Tex. Civ.App.1970, no writ). We hold it applicable in a suit brought by the drawee bank against the maker of a check

We next consider whether the Bank's amended petition is, in the words of Art. 5539b, "not wholly based upon and grows out of a new, distinct or different transaction and occurrence."

In its amended petition the Bank repeated with little change the allegations in its original petition, then attached a copy of the $4498 check drawn by City Title Co. on the Continental Bank & Trust Co. in favor of the Tanners, bearing an endorsement by Fred M. Tanner "for deposit only in the acc. of Fred M. & Ruby Tanner". The petition alleged that the check was not paid by the drawer or by the defendants, that demand for payment had been made on the defendants as endorsers, and that the drawer of the check then was and still is hopelessly insolvent.

Pleading in the alternative, the Bank alleged that the City Title Co. had, on or about April 16, 1965, issued and delivered the $4498 check to the Tanners. They had duly endorsed it to the Bank immediately, had received as consideration full credit for the face amount of it, and the Bank became holder of it for a valuable consideration paid to or for credit of the Tanners.

That when the check was duly presented for payment in the regular course of business, the drawee bank refused payment and the Bank has been damaged in the amount of $4498 by refusal of the maker and of the Tanners to pay the check.

■ We have held that the bank's original petition was not barred by the two-year statute. We now hold, on authority of Leonard v. Texaco, 422 S.W.2d 160 (Tex. 1967), that its amended pleading is not wholly based on a new and different transaction and occurrence, so the provisions of Art. 5539b prevent it from being barred by limitations. See also Oliveros v. Dillon-Beck Manufacturing Co., 260 S.W.2d 707 (Tex.Civ.App.1953 no writ), in which we pointed out that the manifest purpose of Art. 5539b was to liberalize the right of a plaintiff to amend a petition, which had been filed before the cause of action asserted in that petition had become barred, so as to assert any other cause of action which can be based upon the same transaction or occurrence which was made the basis of the cause of action which had been filed before it had become barred.

Some change in the facts or grounds of liability pleaded does not make a different transaction, where plaintiff's original and amended pleadings were filed to recover the same debt. First State Bank & Trust Co. of Rio Grande City v. Ramirez, 133 Tex. 178, 126 S.W.2d 16 (1939).

■ We agree with the assertion of the appellees, however, that Mrs. Tanner is entitled to affirmance of the directed verdict in her favor. The bank's suit is on an endorsement of a dishonored check from City Title Co., but the proof established that Mrs. Tanner did not endorse it. Under Article 5932, Sec. 18, V.T.C.S., then in effect, Mrs. Tanner was not liable on the instrument individually because her signature did not appear on it.

As to Fred M. Tanner, this cause is severed and is reversed and remanded. The judgment of the trial court as to Mrs. Ruby E. Tanner is affirmed.