Alvin T. KIEL, Appellant-Appellee,

v.

CITY OF HOUSTON, Appellee-Appellant.

No. 1554.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Oct. 31, 1977.

Rehearing Denied Nov. 30, 1977.

Will Sears, Sears & Burns, Houston, for appellant-appellee.

Otis H. King, City Atty., Alan F. Levin, Senior Asst. City Atty., Dennis C. Gardner, Asst. City Atty., Houston, for appellee-appellant.

COULSON, Justice.

Alvin T. Kiel, a fireman, sued the City of Houston to compel recognition of his promotion by operation of law and to recover damages for its failure to do so. The trial court held he had been promoted, but that he held the rank for a limited time and could only recover damages for the period during which he actually held the rank. Since we agree that the promotion occurred, but find the City failed to prove he only held the rank for a limited time, we affirm in part and reverse and render in part.

Kiel became a member of the Houston Fire Department in 1956. He advanced steadily and by 1967 had achieved the rank of Chauffeur. In October, 1968 he successfully passed an examination held to establish an eligibility list for the position of Investigator in the department. His name was placed on that list and by July, 1969 he had moved from his original rank of nineteenth on the list to first.

On July 8, 1969 the Houston City Council adopted an ordinance creating twenty new

Investigator positions. During the next ninety days the fire chief neither promoted Kiel to one of these positions nor passed him over to promote the second or third ranked person on the list. Because of this inaction Kiel was promoted to Investigator by operation of law on the ninetieth day, October 6, 1969. Tex.Rev.Civ.Stat.Ann. art. 1269m § 8 (1963). Despite this fact, Kiel continued to be assigned and paid as a Chauffeur.

On November 8, 1972 the City Council adopted an ordinance which, among other things, reduced the number of Investigator positions by fourteen.

On October 4, 1973, following an unsuccessful demand on the City, Kiel filed a suit seeking recognition of his promotion, recovery of the difference between what he received in pay as a Chauffeur and what he was entitled to as an Investigator, and interest on that amount. The trial court held that he had been promoted by operation of law on October 6, 1969, but held that the November 8, 1972 ordinance abolished his position as Investigator, operated to demote him to Chauffeur, and limited his recovery for the pay difference to the intervening period. Both parties have appealed from this judgment, the City contending that Kiel's suit was barred by his delay in seeking recovery, and Kiel arguing that the November 8, 1972 ordinance did not abolish his position.

Kiel's cause of action accrued on the day he was promoted, October 6, 1969; he filed suit on October 4, 1973. The City asserts that his action is basically one for indebtedness, that he can produce no writing which evidences his contract for promotion, and that the two-year statute of limitations, Tex.Rev.Civ.Stat.Ann. art. 5526 (1958), applies. Kiel, in turn, argues that he does have a contract in writing with the City, that the four-year statute of limitations, Tex.Rev.Civ.Stat.Ann. art. 5527 (1958), applies, and that he filed his suit within four years after his cause arose.

■ Courts are liberal in determining what constitutes a "contract in writing" within the meaning of the statute of limita-

tions. *First State Bank of Green's Bayou v. Tanner*, 495 S.W.2d 267 (Tex.Civ.App.—Houston [1st Dist.] 1973, no writ); *Jackson v. Paulsel Lumber Company*, 461 S.W.2d 161 (Tex.Civ.App.—Fort Worth 1970, writ ref'd n. r. e.). In light of this rule, we hold that Kiel's civil service record and the writings which surround it, especially the eligibility list for promotion to Investigator, taken as a whole, constitute a contract in writing with the City.

■ It remains, however, that the critical term, the agreement to promote Kiel to Investigator, is not present in this body of papers, but is, instead, found in a statute. We deem this no bar. It is sufficient for purposes of the statute of limitation that the writing acknowledges a state of facts from which, by fair implication, an obligation or liability arises; the contract need not contain an express promise to do the thing in issue. *International Printing Pressmen and Ass'ts Un. v. Smith*, 145 Tex. 399, 198 S.W.2d 729 (1946). The writings, which constitute Kiel's contract with the City, establish that on October 6, 1969 he was promoted by operation of law.

Our opinion on this matter is confirmed by the decisions in several Texas cases which held that relevant statutes are incorporated by implication into contracts made by a governmental entity. *Empire Gas & Fuel Co. v. State*, 121 Tex. 138, 47 S.W.2d 265 (1932); *Trinity River Authority v. Boone*, 454 S.W.2d 258 (Tex.Civ.App.—Houston [1st Dist.] 1970, no writ).

We hold that Kiel's suit was not barred by the statute of limitations.

■ Further, we are unconvinced by the City's argument that the doctrine of laches applies to this case. Although that doctrine is a distinct concept from statutes of limitation and is not bound by them, it remains that in the absence of some element of estoppel or extraordinary circumstance, laches will not bar a suit short of the period provided by the limitation statute. *Barfield v. Howard M. Smith Company of Amarillo*, 426 S.W.2d 834 (Tex.Sup.1968). We find no evidence in this case of either

the elements of estoppel or any extraordinary circumstance.

All of the City's points of error have been considered and are overruled.

 It is unquestionable that the Houston City Council had the right to abolish the fourteen Investigator positions provided it did so in good faith and by a duly enacted ordinance. *E. g., Michna v. City of Houston,* 521 S.W.2d 331 (Tex.Civ.App.—Houston [1st Dist.] 1975, no writ). However, in contrast to the presumptions in other situations, when a governmental entity seeks to abolish positions held by its employees, it has the burden of establishing that it acted in good faith. *City of San Antonio v. Wallace,* 161 Tex. 41, 338 S.W.2d 153 (1960). Because of this rule, the City was required to plead and prove its good faith in abolishing the Investigator positions. Our review of the record discloses only one item tending to support this burden of the City, that being the City Council's recital in the preamble to the ordinance that the action was taken because the positions were not needed and abolition of them would promote efficiency, economy, and be in the best interests of the City.

Such a self-serving declaration does not meet the City's burden. The supreme court's decision in *Wallace* indicates that the City must produce pertinent facts relating to the economy and efficiency of the change. *City of San Antonio v. Wallace,* 338 S.W.2d at 158. Even if the City had produced live witnesses to state that the action was taken for proper purposes, it would not have been sufficient; the City should have proved that the jobs were unnecessary and shown why it would be more satisfactory to the public if they were abolished. *Welch v. Overton,* 416 S.W.2d 879 (Tex.Civ.App.—Texarkana 1967, writ ref'd n. r. e.).

Since the City failed to discharge its burden in proving the good faith enactment of the ordinance which the City contends abolished Kiel's position, it could not set that ordinance up as a limitation on his recovery. Because of this, the trial court erred in limiting Kiel's recovery to the period between October 6, 1969 and November 8, 1972. Kiel is entitled to recover the difference between what he was paid as a Chauffeur and what he should have been paid as an Investigator from October 6, 1969 forward, without consideration of the November 8, 1972 ordinance, together with interest on each such differential payment from the date it should have been paid.

Affirmed in part and reversed and rendered in part.