Patsy HOLIFIELD, Appellant,

v.

CORONADO BUILDING, INCORPORAT-
ED et al., Appellees.

No. A2196.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Jan. 30, 1980.

Gregory M. Heath, Heath & Associates,
Houston, for appellant.

Robert W. Simmer, Houston, for appel-
lees.

Before J. CURTIS BROWN, C. J., and
MILLER and PAUL PRESSLER, JJ.

PAUL PRESSLER, Justice.

This is an appeal from a judgment where-
in appellant's recovery under the Deceptive
Trade Practices—Consumer Protection Act
(the Act) was held barred by the two-year
statute of limitations.

Coronado Building, Inc. (appellee Corona-
do) built a new house at 10503 Kirklane,
Texas, and on July 13, 1973, conveyed it to
appellant by warranty deed. Charles
Dwight Holifield, appellant's husband and
co-plaintiff at trial, was also a named
grantee in the warranty deed, but is not a
party to this appeal. Prior to closing, ap-
pellant discovered a severe leak in the ga-
rage of the house and that the carpeting in
the dining room and family room was satu-
rated from other leaks. These problems

were promptly brought to the attention of appellee's salesman and appellant was informed that the leaks would be repaired prior to closing. Approximately two weeks after the closing, it was discovered that the leaks had not been repaired. In addition several other leaks and defects had appeared. Appellant testified she made additional oral and written complaints to appellee. The evidence indicates that appellee Coronado made several attempts to rectify the defective conditions with minimal success. The complaints and attempts to repair extended over a period of approximately three years. On May 26, 1976, the attorney for appellant wrote appellee Coronado setting forth the defects and damages and instructing appellee Coronado to cease further attempts at repairs. The letter further demanded compensation for the decrease in value of the house, or, in the alternative, the amount necessary to place the house in the condition expected for its age. Appellee Coronado made no further attempts to repair, but did not compensate appellant for damages. Subsequently, on September 9, 1976, appellant filed this action.

In appellant's pleadings, she alleges that appellee Coronado's conduct constituted a breach of the Act, specifically, sections 17.-50(a)(2) and (3) and 17.46(b)(7). Section 17.50(a) provides, "(a) A consumer may maintain an action where any of the following constitute a producing cause of actual damages:

(1) . . .

(2) breach of an express or implied warranty;"

The trial court, in its findings of fact, found that appellee had breached an implied warranty "by selling to Plaintiffs a house that leaked, and by never properly correcting the defects." The court also found that appellant was a "consumer" and that appellee Coronado was engaged in "trade or commerce" as those terms were defined in the Act. Tex.Bus. & Com.Code Ann. § 17.45(4) (Vernon 1973–1974) defines consumer as "an individual . . . who seeks or acquires by purchase or lease, any goods or services." Section 17.45(2) defines services

to be "work, labor, or service purchased or leased for use . . . ." Consequently, as conclusions of law, the court held that the amount of damages resulting from the breach of the implied warranty was five thousand dollars ($5,000.00) and that appellant was entitled to treble damages under § 17.50(b)(1) of the Act. However, the court also found as a conclusion of law that appellant's cause of action was barred by the two-year statute of limitations, Tex. Rev.Civ.Stat.Ann. art. 5526 (Vernon 1958). We approve the trial court's findings of fact and affirm its conclusions of law except that we hold appellant's cause of action was not barred by the two-year statute of limitations.

In *Woods v. Littleton*, 554 S.W.2d 662 (Tex.1977), the Supreme Court was faced with a similar fact situation. There, the Woods had purchased a house from Superior Construction Company. At the time of the purchase a one-year warranty was given to the Woods which obligated Superior "to do whatever was necessary to put the house in final shape and to repair anything that went wrong." *Id.* at 664. It was discovered after the purchase of the house that the sewer system was defective and several attempts to correct that problem resulted in the creation of new ones. The Woods brought suit under the Act. In finding that the Woods were "consumers", as defined by the Act, the Court held that the promises contained in Superior's one-year warranty "to do whatever was necessary to put the house in final shape and to repair anything that went wrong" constituted a contract for "services" as that term was defined in the Act at the time of the breach of the warranty.

In the case before us, Bob Janca, who was president of Coronado Building, Inc. at the time the house was conveyed to appellant, testified that a written one-year warranty on the house was given to appellant at the time of purchase. This warranty was not introduced into evidence. However, a letter to appellant's attorney, from Janca as president of Coronado, Inc., dated September 21, 1973, and admitted into evidence, acknowledged a one-year warranty to correct defects when brought to the at-

tention of appellee Coronado by a dated, written instrument by appellant. The letter also indicated that the defects which were known to appellee Coronado would be corrected "shortly", conditioned on access to the home during normal working hours. The uncontested testimony of appellant lends support to the existence of this obligation. We hold that the written warranty issued with title to the house, in conjunction with Janca's letter to appellant's attorney, acknowledging the obligation to correct defects already known by appellee Coronado, constitutes a "purchase of services" according to the Court's interpretation of those terms under the Act.

Appellant is thus a "consumer", as defined by the Act, and therefore eligible to bring suit thereunder. The next question is whether a breach of an implied warranty occurred. The Supreme Court has held that the builder of a new home implicitly warrants that "[the] house [is] constructed in a good workmanlike manner and suitable for human habitation." *Humber v. Morton,* 426 S.W.2d 554 (Tex.1968). The trial court found that this warranty was breached by appellee Coronado. We agree.

Finally, we hold that the four-year statute of limitations, Tex.Rev.Civ. Stat.Ann. art. 5527 (Vernon 1958), should be applied. That article states:

There shall be commenced and prosecuted within four years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description:

1. Actions for debt where the indebtedness is evidenced by or founded upon any contract in writing.

It is well established that the words, "contract in writing", are to be construed liberally. *International Printing Pressmen and Assistants' Union v. Smith,* 145 Tex. 399, 198 S.W.2d 729 (1946); *First State Bank of Green's Bayou v. Tanner,* 495 S.W.2d 267 (Tex.Civ.App.-Houston [1st Dist.] 1973, no writ); *Jackson v. Paulsel Lumber Company,* 461 S.W.2d 161 (Tex.Civ.App.-Fort Worth 1970, writ ref'd n. r. e.). In the case of *Kiel v. City of Houston,* 558 S.W.2d 69, 71 (Tex. Civ.App.-Houston [14th Dist.] 1977, writ

ref'd n. r. e.) we held that "Kiel's civil service record and the writings which surround it, especially the eligibility list for promotion to Investigator, taken as a whole, constitute a contract in writing with the City." The Supreme Court, in *International Pressmen and Assistants' Union v. Smith, Id.* at 736, held,

[I]t is not indispensable that the written instrument relied upon contain an express promise to do the things for the nonperformance of which the action is brought. It is sufficient if the obligation or liability grows out of a written instrument, not remotely but immediately, or if the written instrument acknowledges a state of facts from which by fair implication, the obligation or liability arises.  . . .

We hold that the written warranty, in conjunction with the letter and other writings involved in the transaction, constitute a "contract in writing". As a result, the cause of action was not barred by the two-year statute of limitations.

We reverse and render judgment for appellant against Coronado Building, Inc. in the amount of fifteen thousand ($15,000.00) dollars, with legal rate of interest, from the date of the trial court's judgment. Judgment for Bob Janca, individually, is affirmed.