Alexander J. McLEOD, Appellant,

v.

CITY OF SAN ANTONIO and I.O. Martinez In His Official Capacity as Chief of the San Antonio Fire Department and His Successor in Office, Appellees.

No. 04–84–00296–CV.

Court of Appeals of Texas, San Antonio.

Dec. 11, 1985.

Rehearing Denied Jan. 3, 1986.

Mayo J. Galindo, San Antonio, for appellant.

Jake Talley, Asst. City Atty., San Antonio, for appellees.

Before BUTTS, REEVES and TIJERINA, JJ.

## OPINION

BUTTS, Justice.

This is an appeal from a declaratory judgment in which the trial court ruled that appellant, Alexander McLeod, take nothing in his suit to set aside a San Antonio city ordinance as void.

The ordinance in question, number 58293, created the nonclassified, civilian position of fire protection engineer thereby abolishing the then-vacant fire lieutenant's position of "plans checker" in the San Antonio Fire Department. Prior to the enactment of the ordinance, the fire department had two plans checkers, a captain and lieutenant, who were responsible for reviewing and evaluating construction plans of commercial buildings to determine compliance with the fire code. The record indicates the fire department required the specialized services of a fire protection engineer, but funding was unavailable. To alleviate this deficiency, the San Antonio City Council abolished the vacant lieutenant's position of plans checker and created the non-uniformed position of fire protection engineer.

The ordinance specifies the duties to be performed by the civilian fire protection engineer: reviewing, evaluating and approving building plans, specifications, and fire protection requirements, providing technical advice, and recommending structural designs and materials, equipment or methods to alleviate conditions conducive to fires. I.O. Martinez, chief of the fire department, testified that the engineer, in addition, would perform technical tasks which a lieutenant was not qualified to perform.

The trial court made the following pertinent findings of fact and conclusions of law:

### FINDINGS OF FACT

\*     \*     \*     \*     \*     \*

4. The abolished lieutenant position was vacant and no longer needed.

5. The fire protection engineer will perform duties which are beyond the capabilities of a firefighter because he will be a professional engineer trained in fire protection.

6. The public will be better served with a professional fire protection engineer on staff.

7. There will be improved economy and increased efficiency with the creation of the position of Fire Protection Engineer and the abolishment of the lieutenant position.

\* \* \* \* \* \*

### CONCLUSIONS OF LAW

\* \* \* \* \* \*

2. The City of San Antonio acted in good faith in abolishing a lieutenant's position with the enactment of Ordinance No. 58293.

It is undisputed that appellant was the highest eligible candidate for the vacant lieutenant's position and would have been entitled to a promotion to that position within sixty (60) days after a vacancy occurred. TEX.REV.CIV.STAT.ANN. art. 1269m, § 8A(e) (Vernon Supp.1985). Such a vacancy was created on February 18, 1984 when one of the two plans checkers, Lt. Ursh, was promoted. However, enactment of the ordinance abolished that position on February 16, 1984, to be effective ten days later.

In points of error one through four, appellant complains the trial court erred in holding the City of San Antonio acted in good faith in abolishing a lieutenant's position of plans checker.

Clearly, the San Antonio City Council had the right to abolish the lieutenant's position provided it did so in good faith and by a duly enacted ordinance. *Kiel v. City of Houston,* 558 S.W.2d 69, 72 (Tex.Civ. App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.); *Burkhart v. Moore,* 580 S.W.2d 108, 110 (Tex.Civ.App.—Eastland 1979, no writ); *Michna v. City of Houston,* 521 S.W.2d 331 (Tex.Civ.App.—Houston [1st Dist.] 1975, no writ). However, the City had the burden of establishing it acted in good faith. *City of San Antonio v. Wallace,* 161 Tex. 41, 338 S.W.2d 153 (1960). To sustain its burden, the City must prove the ordinance will promote efficiency and economy. *City of San Antonio v. Wallace, supra* at 158; *Burkhart v. Moore, supra* at 110; *Kiel v. City of Houston, supra* at 72. The City must also prove the lieutenant's position is unnecessary and that the ordinance abolishing the position is in the best interests of the city. *Kiel v. City of Houston, supra* at 72; *Welch v. Overton,* 416 S.W.2d 879 (Tex.Civ.App.— Texarkana 1967, writ ref'd n.r.e.). In determining whether the abolished position is unnecessary, the court must ask whether the duties of the abolished position were assigned to another person or position. *Burkhart v. Moore, supra* at 110; *see,* 87 A.L.R.3d 1165, 1209 (1978 and Supp.1984).

■ We hold the City sustained its burden of proving good faith. There is ample evidence to support the trial court's findings that increased efficiency and economy will result from the ordinance; that abolishing the lieutenant's position is in the best interests of the City; and that the abolished position is not necessary. That the duties of the lieutenant plans checker were assigned to the fire protection engineer is not determinative. The record indicated the fire protection engineer will be better qualified to perform duties encompassing those of a plans checker and, in addition, will be responsible for more specialized duties as well. Appellant's points of error one through four are overruled.

■ Point of error five addresses the trial court's denial of mandamus to compel the fire chief to promote appellant to the position of lieutenant. We note that TEX. CONST. art. 5 § 8 limits the district court's power to issue the writ of mandamus to the necessary one of enforcing its jurisdiction. We need not decide this point, however, because of our disposition of the case.

The judgment is affirmed.

TIJERINA, Justice, dissenting.

I respectfully dissent.

The issue before us is whether the city acted in good faith in abolishing the fire lieutenant's position. In *Kiel v. City of Houston*, 558 S.W.2d 69, 72 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.), the court discussed the requirement of efficiency and economy set out in *Wallace* and then stated: "Even if the City had produced live witnesses to state that the action was taken for proper purposes, it would not have been sufficient; the City should have proved that the jobs were unnecessary and shown why it would be more satisfactory to the public if they were abolished." Additionally, although a municipal corporation has the power to abolish an unnecessary position, the discharge of a faithful employee in violation of rights secured him by statute cannot be protected by a pretense that it was a proper exercise of municipal power. *Wallace, supra, citing* McQUILLIN, MUNICIPAL CORPORATIONS § 12.118.

Appellant first argues that the finding of good faith was in error because the duties of the abolished position were assigned to the newly created position of fire protection engineer. A crucial inquiry in determining good faith is whether the duties of the abolished position were assigned to another person or position. *Burkhart, supra.*

Appellant urges that *City of Wichita Falls v. Harris*, 532 S.W.2d 653 (Tex.Civ.App.—Fort Worth 1975, writ ref'd n.r.e.), is most closely on point with the facts in this appeal. In *Wichita Falls*, the non-civil service position of fire training specialist was created to replace the civil service position of fire training officer. The Fort Worth Court of Civil Appeals found sufficient evidence to sustain the trial court's judgment that the new position came under civil service. The Fort Worth court further determined that a person holding the newly created position was a "fireman" within the meaning of TEX.REV.CIV.STAT.ANN. art. 1269m (Vernon Supp.1985); thus, filling the new position without a competency examination was in violation of art. 1269m § 14G.

In the instant case, the duties of the abolished civil service lieutenant's position are essentially the same as those of the new non-civil service position. In fact, the attachment to the challenged ordinance states that "[t]he Fire Protection Engineer would assume the fire prevention responsibilities currently performed by the lieutenant." Although there was some evidence of increased economy and efficiency, there was no evidence to prove that the abolished position was unnecessary in light of the duties of both positions being essentially the same. Therefore, the trial court erred in concluding that the City acted in good faith; the challenged ordinance is void. I would sustain appellant's points of error one through four.

Appellant's fifth point of error is that the trial court erred in denying his writ of mandamus. He had requested the trial court to order the Fire Chief to promote him to the lieutenant's position. I have determined that the challenged ordinance is void; therefore, appellant was entitled to promotion to that position within sixty days of the vacancy occurring. I would sustain appellant's final point of error.

Accordingly, I would reverse and render the judgment of the trial court as to the finding that the City acted in good faith and remand this cause to the trial court to enter an appropriate order with regard to the writ of mandamus.